## LELA and wife vs. DOMASKE and wife.

*February 24 — March 9, 1880.*

*Reversal of judgment, for inaccurate instruction.*

A judgment will not be reversed merely because general terms were used in an instruction, which might have been made more definite and certain, where the appellant did not call the judge's attention to the point at the time, nor ask for more specific instructions (but merely took a general exception to the instruction), and the terms used, in view of the whole charge, could not mislead the jury.

APPEAL from the Circuit Court for *Portage* County.

The appeal was submitted on the brief of *Walter R. Barnes* for the appellants, and that of *G. W. Cate* for the respondents.

TAYLOR, J. This is an action to recover damages for an assault and battery alleged to have been committed upon the wife of *John Lela* by the wife of *Thaddeus Domaske*. The plaintiffs recovered in the court below. The defendants appeal to this court, and allege as error that the learned circuit judge misdirected the jury upon the question of damages. No exceptions were taken upon the trial, except those taken

to the instructions of the court to the jury upon the question of damages. The defense was, that the assault and battery was committed by the defendant in self-defense and in defense of her children. The appellants except to the charge of the learned circuit judge on the ground that it took from the jury the right to mitigate damages, provided they found that the respondent was the aggressive party and was actuated by malice. We are unable to hold that this exception is well taken. Upon this point the learned circuit judge charged the jury as follows:

"If the plaintiff did commence an assault upon the defendant, or upon her children, the law permits her to resist such assault, to protect herself and her children from an assault, and permits her to use all the necessary force that is requisite for such protection, but no more than is necessary for self-protection for herself and children. If, in fact, the plaintiff did commence the assault, and she resisted, and continued the use of force and blows after the plaintiff had quit making such assault — followed it beyond what was necessary for self-protection,— she would become liable for damages resulting from all force used beyond what was necessary for self-protection of herself and children. And in this case, if you find that the plaintiff commenced the attack, it is to be taken into consideration in mitigation of damages, even though you find that the defendant went beyond what the law permits for self-protection. . . . In assessing damages in actions of this kind, a distinction exists, always has, and forever should, between an unprovoked and unjustifiable assault, and one that is brought on by aggravating language, menaces and threats, that are calculated to stir up the passions. And, in this case, if you find that the assault was commenced by the defendant without provocation therefor, an abatement should not be made from the amount that you find the plaintiff should be entitled to as full measure of damages for an unprovoked and unwarrantable assault."

It seems to us that the part of the charge of the learned circuit judge above quoted clearly says to the jury, that if they find that the plaintiff commenced the assault or provoked the attack by the defendant, such fact should be taken into consideration by the jury in mitigation of the plaintiff's damages; and that in this respect the charge, if erroneous at all, is so because it is too favorable to the defendant. It would have justified the jury, if they found that the plaintiff had provoked the attack, in mitigating the actual compensatory damages of any kind which, under other circumstances, she would have been entitled to recover, and is in conflict with the rule laid down by this court in the case of *Wilson v. Young*, 31 Wis., 574, which holds that any provocation on the part of the plaintiff in an action of this kind, which does not legally justify the assault by the defendant, cannot be considered in mitigation of any compensatory damages, except such as may in a proper case be recovered for an injury to the plaintiff's feelings, or, in other words, for mental suffering.

The learned judge follows that part of his charge above quoted by a statement that the plaintiffs in this action can only recover for the personal injuries to the wife, for her pain and suffering both of body and mind, and nothing else; and expressly directs the jury that they cannot assess any punitory damages under any view of the case which may be taken by them. This the learned counsel for the appellants admits was erroneous, but was an error committed in favor of the appellants, and of which they cannot therefore complain. Then follows that part of the charge to which special exception is taken, which is as follows:

"So that what you give here is this: The amount that you feel and determine that, under all the circumstances, should be given to her for the injury suffered, for the bodily pain endured, and for the amount of suffering and anguish; and that constitutes just such sum as, under all the circumstances, you say she ought to receive for it. In actions of this kind dam-

ages cannot be measured in dollars and cents by proof of what it is worth, like property, because health is inestimable. Pain cannot be measured by money, by dollars and cents, by proof of how much it was worth to endure such an agony for such a length of time. Neither can the amount of anguish be the subject matter of proof in dollars and cents. But still, on that account, for the very reason that it can't be measured by proof in dollars and cents, it is left to the jury to say what should be the amount awarded, taking everything into consideration. And that covers, gentlemen, the ground of inquiry, and the rule of damages that you should use in measuring it. The plaintiffs are entitled to recover for such damages as you think ought to be awarded for the injury that was inflicted upon her — the pain she endured of body and mind."

The appellants excepted to this part of the charge, " for the reason that it directed the jury to find any amount of damages which they saw fit to find." It is urged by the learned counsel, that this instruction directed the jury to find damages as they thought just, irrespective of the evidence in the case. We do not think the charge is subject to this criticism. The learned judge says: " The jury are to determine the amount of damages which the plaintiff ought to receive under all the circumstances; and because proof cannot be given as to how many dollars and cents it is worth to suffer pain and anguish for a definite period, it is left to the jury to say what amount shall be awarded to the plaintiff, taking everything into consideration. The plaintiffs are entitled to recover such damages as you think ought to be awarded for the injury that was inflicted upon her — the pain she endured of body and mind." This is the substance of the part of the charge excepted to. We think the qualifying words, " under all the circumstances," and " taking everything into consideration," must have been understood by the jury as the " circumstances " and " things " which had been presented to them by the evidence

on the trial, and nothing else. They could not have been misled, by this general use of the terms " circumstances " and " things," into the belief that they were at liberty to take into consideration circumstances and things which had not been presented to them by the evidence. The jury could not but remember that they had been sworn to decide the case upon the law and evidence given in court, and would understand these general words as applicable to those matters which had been brought to their knowledge by the evidence produced upon the trial, unless it clearly appeared that the learned judge intended to include other matters.

It might be urged that the exception is too general to raise the point that the jury might have been misled because the learned judge did not further qualify the general words used, by stating that in estimating the damages they should consider only the circumstances and things disclosed by the evidence. The instruction is not excepted to for that reason, but for the reason that it directed the jury to find any amount of damages they saw fit. The instruction is clearly not subject to this criticism, unless it be construed to be an instruction to find such damages as they saw fit without regard to the evidence in the case. We have said we do not think it subject to this criticism; and, if the appellants thought it might be so understood by the jury, we think that fact should have been called to the attention of the court at the time, so that, if there was any chance for a misunderstanding by the jury as to the meaning of the instruction, they could have been set right at once.

As we are quite clear that the jury could not have been misled by the general terms used by the learned circuit judge, we cannot reverse the judgment because it might have been made more definite and certain, and probably would have been if the attention of the learned judge had been called to the point now made, at the time his instructions were given.

We do not think the charge is subject to the objection that

it in effect directed the jury to find for the plaintiffs. In the first part of his instructions, the judge had stated that under certain circumstances the plaintiffs would not be entitled to recover; and his instructions as to the damages the plaintiffs might recover were all given subject to the previous instructions, that, if they found that the plaintiffs made the first assault, and the defendant used no more force than was necessary to protect herself and resist the assault, the plaintiffs could not recover. The jury could not have been misled upon this question by anything which was said in the instructions of the learned circuit judge upon the question of damages.

*By the Court.*—The judgment of the circuit court is affirmed.