## KELLY vs. HOUGHTON.

*January 11 — January 29, 1884.*

*Evidence — Burden of proof — Reversal of judgment.* [1]

1. The question being whether certain services were rendered gratuitously, evidence that a third person had been paid, or that it was customary to pay, for similar services, is irrelevant.
2. When a party admits that services for which a claim is made against him were rendered and were worth the sum claimed, but alleges that they were rendered gratuitously, the burden of proof is upon him to show that they were so rendered.
3. A judgment will not be reversed merely because general terms were used in an instruction, which might have been made more definite and certain, where the appellant did not call the judge's attention to the point at the time, nor ask for more specific instructions (but merely took a general exception to the instruction), and the terms used, in view of the whole charge, could not have misled the jury.

APPEAL from the County Court of *Winnebago* County. Action to recover the sum of $15 loaned to the defendant. The answer admits the loan and sets up a counterclaim for services rendered to the plaintiff to the amount of $93, in

defending him against charges preferred against him in a secret society. The evidence and instructions to the jury sufficiently appear from the opinion. There was a verdict for the plaintiff for $15 and interest, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Weisbrod & Harshaw*, and oral argument by *Charles W. Felker*.

For the respondent there was a brief by *Crozier & Tyrrell*, and oral argument by *Mr. Tyrrell*.

COLE, C. J. We fail to see any error in this case which should reverse the judgment. For the purposes of the action the plaintiff admitted that the defendant rendered the professional services set forth in the counterclaim, and that they were worth the sum claimed for them; but he said that the services were gratuitously rendered. Whether they were or not was the real issue litigated on the trial. Now, on that issue the proposed testimony of Mr. Felker that he had been paid for professional services rendered in secret societies in the city of Oshkosh had no relevancy whatever; nor would the fact, if shown, that it was the custom to pay for such services, tend to prove or disprove the issue formed by the parties. It well might be that other lawyers had been paid for their services, and that it was customary to pay for them, and still the defendant might have agreed not to charge for his.

The county court charged that the question which the jury had to determine from the evidence was whether the services were performed by the defendant with the understanding had with the plaintiff that they were to be rendered gratuitously or without compensation. And the court said that the burden was upon the plaintiff to show affirmatively that they were performed gratuitously. Of course, in the absence of an agreement or understanding that the services were to be rendered without compensation, the law

would imply a promise upon the part of the plaintiff to pay what they were reasonably worth; and so the court charged.   It is evident that the jury must have found, under the charge, that the services were rendered by the defendant gratuitously, and that the understanding was that he was not to be paid for them.   The jury must have reached that conclusion from the evidence under the charge of the court.   It is idle to say that the testimony is not sufficient to warrant such a finding.   In view of the admissions made by the plaintiff on the trial, he was bound to prove to the satisfaction of the jury that the defendant's services were rendered gratuitously.   Whatever inference we might draw from the evidence, suffice it to say there is testimony to support the verdict.

We do not think there is anything in the general charge of the court of which the defendant can complain.   The questions of fact seem to have been fairly submitted upon all the evidence.   After the general charge was given the court, at the request of the defendant, gave some instructions to the effect that there was no presumption in law because the plaintiff and defendant were members of the same lodge that the services were gratuitously rendered, but that the onus was on the plaintiff to show they were not to be paid for.   The plaintiff's counsel then asked the court to charge that the defendant must establish his counterclaim by a preponderance of the evidence in order to recover upon it.   To this the learned county judge replied: " I have said the defendant has the affirmative, and I think he is bound to show by a preponderance of the evidence that he is entitled to recover."   To this part of the charge the defendant took an exception which is relied on here for a reversal of the judgment.   The general proposition that the burden of proving a fact lies upon the party who asserts it in his pleading cannot be controverted.   This was what the charge really amounted to.   If the defendant was dissatisfied with

this remark he should have asked the court to qualify it by saying that in view of the admissions of the plaintiff the defendant was relieved from the necessity of proving either that the services were rendered or their value. The court had distinctly and pointedly charged that the burden of proof was upon the plaintiff to show that the services rendered were gratuitous, and the jury could not possibly have been under any misapprehension on that point. Under the circumstances we do not think the judgment should be reversed because the last clause above quoted was not more specific or failed to refer to the admissions which had been made by the plaintiff. In a recent case this court has held that " a judgment will not be reversed merely because general terms were used in an instruction, which might have been made more definite and certain, where the appellant did not call the judge's attention to the point at the time, nor ask for more specific instructions (but merely took a general exception to the instruction), and the terms used, in view of the whole charge, could not mislead the jury." *Lela v. Domaske*, 48 Wis., 623. That decision seems to be in point here.

*By the Court.*—The judgment of the county court is affirmed.