LINK, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 30 — October 20, 1891.*

*Contracts: Compensation for services: Presumption.*

The plaintiff was appointed in writing an inspector of watches for the defendant company, subject to certain conditions, among which were that he should examine all watches presented to him accompanied with a written request from defendant's superintendent, and should certify to the latter that they were or were not up to the required standard; that he should loan (free of charge) to each employee of defendant who should leave his watch to be cleaned and repaired, a watch of the required standard to be used until such cleaning and repairing was done; that if an employee took his watch elsewhere for repairs he must have the watch he proposed to carry in the meantime examined by the plaintiff, who might charge him twenty-five cents for such service; that plaintiff should keep a record of all watches examined, furnish a rate-card to each employee, copy the weekly ratings in the record-book, and furnish transcripts from such book to the general inspector; and that in case a certified watch was found not to come up to the standard, he should withdraw the certificate and report the facts. *Held,* that as to the services for which no compensation was provided, the contract did not exclude the presumption that they were to be paid for by defendant at their reasonable value.

APPEAL from the Circuit Court for *Sauk* County.

The action is for the reasonable value of services performed by respondent as inspector of watches for appellant at Baraboo, Wis., from July 21, 1888, to August 1, 1889.

On the trial it appeared that the appellant, on the 21st of July, 1888, by a written communication, appointed the respondent inspector and examiner of watches at Baraboo, subject to certain conditions, which conditions were, substantially: (1) that he should examine all watches presented to him accompanied with a written request from appellant's superintendent, and forward to the superintendent a certificate that the watch was found to be up to the standard required by the company, or that the watch was not up to the standard, as the fact was; (2) that he should loan (free

of charge) to each employee of the company who left his
watch to be cleaned and repaired, a watch of the required
standard to be used by the employee until the employee's
watch is cleaned and repaired; (3) that, in case employees
took their watches elsewhere for repairs, they must have the
watch which they propose to carry in the mean time ex-
amined by respondent, for which service respondent might
assess a charge of twenty-five cents against the employee,
and the certificate returned by respondent to the company's
superintendent must have the words "Borrowed watch"
written on the face thereof; (4) that respondent should keep
a record-book containing a description of all the watches
examined by him for employees; that he should furnish a
"rate-card" to each employee for noting variations, and
copy the weekly rating of each employee's watch in the
record-book, and furnish a transcript of the record-book to
the general inspector every three months, and oftener if re-
quired; (5) that, in case a certified watch is found not to
come up to the standard, the respondent should report the
fact, and withdraw the certificate of acceptance, and report
the fact of such withdrawal.

The respondent accepted this appointment in writing, and
upon the trial testified that he performed his duties under
it for one year, and that he had received no compensation
therefor. The court sustained an objection to the question
as to what his services were worth, and, plaintiff's evidence
being closed, granted a nonsuit. Afterwards, and at the
same term, a motion for a new trial was made and granted,
and from the order granting a new trial this appeal was
taken.

For the appellant there was a brief by *Winkler, Flanders,
Smith, Bottum & Vilas*, and oral argument by *F. C. Wink-
ler.* They contended that the appointment of the plaintiff
was simply his designation as a person authorized to inspect
and certify to watches carried by defendant's employees,

the employees and not the defendant presenting them for that purpose; and that the incidental advantages of the position constituted the only compensation to be made by the company. The charge authorized to be made for inspection and certification in cases where the plaintiff lost the benefit of having the repair of the watches, clearly implies that no charge was to be made in other cases, and that the defendant was not to pay for the inspection. See 2 Parsons, Cont. (5th ed.), 515; *Berringer v. L. S. I. Co.* 41 Mich. 305; *Richardson v. Hoyt*, 60 Iowa, 68; *St. Jude's Church v. Van Denberg*, 31 Mich. 287; *Lange v. Kaiser*, 34 id. 317; Wood, M. & S. secs. 62, 65, 66; *Cicotte v. Church of St. Anne's*, 60 Mich. 552.

For the respondent the cause was submitted on the brief of *Grotophorst & Buckley*.

WINSLOW, J. We think the circuit judge was right in granting a new trial. The principle is elementary that where one requests another to perform services for him, and no provision is made for compensation, the law implies a promise to pay what they are reasonably worth. The fact that the request was in writing can make no difference with the rule. Appellant claims that, because the written request provides for compensation for one particular class of services to be paid by the employee, there can be no implication of payment for the other services. We think otherwise. The services which are unprovided for as to compensation are separate and distinct services, and are rendered to the company, and not to the employee. If these services were to be performed gratuitously, the burden of proving that fact was on the appellant. *Kelly v. Houghton*, 59 Wis. 400. We do not think the contract can fairly be construed as excluding the ordinary legal presumption that services rendered upon request will be paid for at their reasonable value.

*By the Court.*— Order affirmed.