## HOGG *v.* LASTER.

Opinion delivered June 18, 1892.

*Implied contract—Household services.*

Plaintiff was left an orphan without means at the age of ten years; and was taken by defendant into his family and fed, clothed and sent to school. During her minority she rendered services for defendant, and continued to do so for three years after she became of age. In an action for the value of her services during these three years, *held*, that although the burden of proof was upon plaintiff to show an implied promise to pay for her services, the jury ought to be instructed that if, under

all the circumstances of the case, including the relation the parties bear to each other, the services were of such a nature as to lead to a reasonable belief that the parties understood that the services would be paid for, they should find an implied promise to that effect.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*S. M. Taylor* and *J. W. Crawford* for appellant.

1. Upon the uncontroverted facts in proof plaintiff was not entitled to a verdict.

2. The first instruction for plaintiff is not the law. 33 Ark. 215 ; 5 Am. Dec. 730 ; 2 Martin, 269 ; 14 Wend. 209 ; Wood on Master and Serv. (2d ed.) secs. 62, 65.

3. The court erred in refusing the fifth and sixth prayers asked by defendant. Wood, M. & S. p. 123 ; 45 Iowa, 308, and cases *supra*; 13 N. J. Eq. 151 ; 2 Pars. Cont. (6th ed.) marg. p. 47 ; 1 Am. Dec. 632; 62 Iowa, 208 ; 28 *id.* 548 ; 52 *id.* 733.

HUGHES, J. This is an appeal from a judgment in favor of appellee against the appellant for $200, rendered in a suit in which the appellee claimed that the appellant was indebted to her in the sum of $468 for 39 months' service rendered by her for him. The appellee was left an orphan at about the age of ten years, without means, and at the request of a neighbor was taken by the appellant into his family, fed, clothed and sent to school some and treated well. She rendered services for appellant during her minority, cooking, milking cows, ironing clothes, and doing other household work. After she became of age she continued in the same way, and this suit is brought to recover 39 months' services after she attained her majority.

There was no express contract between her and the appellant that she should be paid for her services. She testifies that she expected pay, but said nothing to appellant about it till she left him. He testified that he had

not expected to pay her, and that he stated to her that he could not do so soon after she became of age, but that she could remain with him if she preferred to do so. He also stated that her board, clothing and medical attention furnished by him had been worth more than her services, and offered to set off their value against her claim. She replied, denying that he told her he could not pay her wages, and denying that she owed him for board, clothing and medical attention.

After the evidence was introduced, the court gave the following instructions to the jury, against the objection of the defendant:

"1. If the jury find from the evidence that the plaintiff performed work and labor for the defendant, then the law implies an obligation on the part of the defendant to pay her for such work and labor unless there was an express contract by which she was to perform such work and labor as a gift or gratuity."

The court refused to give the following instructions asked for by defendant:

"5. One who, having been received in infancy into a family not of kin to her, seeks to recover for services rendered to such family has the burden of proof to show either an express contract or surrounding circumstances from which a contract can be implied, and if it appears that she was received as a child, she must prove an express contract for wages before she can recover, and the mere expectation on the one part to pay and on the other to receive wages, never expressed by the parties to each other, does not constitute an express contract.

"6. One who, having been received in infancy into a family not of kin to her, seeks to recover for services rendered to such family, has the burden of proof to show either an express contract or surrounding circumstances from which a contract can be implied, and if it appears

that she was received as a child, she must prove an expressed contract for wages before she can recover."

The jury gave a verdict for the plaintiff in the sum of $200.

Defendant filed a motion for a new trial for the following causes:

1.   The court erred in giving the first instruction asked for by the plaintiff.

2.   The court erred in refusing to give the fifth instruction asked for by defendant.

3.   The court erred in refusing to give the sixth instruction asked for by defendant.

4.   The verdict of the jury was contrary to the evidence.

5.   The verdict of the jury was contrary to the law.

6.   The pleadings and evidence in the case do not warrant the verdict and judgment in favor of the plaintiff.

The motion for a new trial was overruled by the court.

Exceptions were saved, and all evidence brought upon record by bill of exceptions.

"Although the burden of proof is upon the plaintiff, as in other cases, to show an implied promise, the jury ought to be instructed, that if, under all the circumstances of the case, the services were of such a nature as to lead to a reasonable belief that it was the understanding of the parties that pecuniary compensation should be made for them, then the jury should find an implied promise, and a *quantum meruit;* but if otherwise, then they should find that there was no implied promise." *Guild* v. *Guild,* 15 Pick. 131; *Tyler* v. *Burrington,* 39 Wis. 376; *Pritchard* v. *Pritchard,* 69 Wis. 373. "In all such cases, it is a matter for the jury to determine whether the services were rendered under an implied contract for wages or not." *Hart* v. *Hart's Adm'r,* 41 Mo. 445. In such an inquiry it is proper to consider the relation

the parties bear to each other and other matters which may affect it.

It follows therefore that neither the instruction given, nor those refused, state the law.

For error in giving instruction number one, the judgment is reversed, and the cause is remanded for a new trial.