LEWIS *v.* LEWIS.

Opinion delivered April 29, 1905.

ADMINISTRATION—IMPLIED CONTRACT TO PAY FOR SERVICES.—Where intestate in his last illness accepted the services of his nephew under circumstances which render an implied contract to pay therefor just, the law will imply a contract to pay the reasonable value of such services.

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*Appellant, pro se.*

Appellant's claim should have been allowed as one of the second class. Kirby's Dig. § 110. The doctrine of implied contracts applies. 29 Pa. St. 465; 26 Ark. 360; 56 Ark. 382.

HILL, C. J. This case involves a claim against the estate of Captain G. W. Lewis for services of his nephew in nursing him in his last illness. Owing to the grievous affliction of Captain Lewis during the last years of his life, especially the last few months, the attendance of a male nurse was necessary, and the duties of such nurse were unpleasant and in frequent requisition. His two nephews lived near him in the town of Searcy, and they faithfully performed these offices for him, the appellant, one of these nephews, rendering the greater service, and he rendered a bill for $100, and, it being disallowed in probate and circuit courts, the case is brought here. No contract is proved, and appellant's case must rest on an implied contract, or fail. The evidence shows that the Captain frequently sent for these young men, and frequently they attended him without being

sent for, anticipating the necessity of going to him. These visits were necessary several times a day, and often at night.

This court approved this language of Judge Story: "Whenever a party avails himself of the benefit of services done for him, although without his express authority or request, the law supplies the formal words of contract, and presumes him to have promised an adequate compensation." *Ford v. Ward,* 26 Ark. 360.

Where, considering the relations of the parties and all the circumstances of the case, the services were of such nature as to lead to a reasonable belief that it was the understanding of the parties that pecuniary compensation should be made for them, then an implied contract should be raised to permit a recovery for what they are shown to be reasonably worth, is the doctrine of *Hogg* v. *Laster,* 56 Ark. 382.

Mr. Beach says: "When one person renders services for another, which are known to and accepted by him, the law ordinarily implies a promise to pay therefor." 1 Beach, Modern Contracts, § 642.

An exception to the ordinary rule is found in gratuitous services; services dictated by humanity alone, and for which compensation could not be expected from the nature of them, as rescuing persons from danger, suppressing fires, etc. And, again, where the relations are such as father and son, and other like close ties, when the service is referable to the relation alone, then compensation is not implied. See 1 Beach, Modern Contracts, § § 649, 650.

A nurse could have been hired to have performed the services in this case, with no charge of inhumanity against these young men; but they were selected to do the service, and did it faithfully and under circumstances which render an implied contract just, and the general rule should apply.

No question is raised, or could be raised under the evidence, as to the amount charged being reasonable.

The judgment is reversed, and cause remanded with directions to allow the claim as one of the second class against the estate.