NISSEN v. FLOURNOY.

Opinion delivered October 8, 1923.

1. WORK AND LABOR—IMPLIED CONTRACT TO PAY FOR ANOTHER'S SERVICES.—In an action by a sister against her brother's estate to recover for taking care of him for five years, it was error to instruct the jury that she could not recover without establishing a special or express promise to pay her, and that the law presumes, in view of their relationship, that the services rendered by her to her brother were gratuitous.

2. WORK AND LABOR—SERVICES OF MEMBER OF FAMILY—JURY QUESTION.—Though the law generally implies a contract to pay for another's services, such implication does not arise as a matter of law where the parties live together in the family relation; but in such case it is a question for the jury to determine from all the surrounding circumstances whether the services were rendered under an implied contract to pay for them.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; reversed.

STATEMENT OF FACTS.

Eva Baw Nissen filed her claim in the sum of $4,700 against the estate of her brother, Otis G. Baw, deceased, in the form of a complaint in the probate court, in substance, for the support of her brother for about five years before his death. To this there was a general denial by the administratrix of her brother's estate.

Upon the trial of her contested claim in the probate court there was a judgment in her favor for the amount claimed by her. There was an appeal to the circuit court, where the case was tried before a jury upon substantially the following evidence:

Otis G. Baw was a railroad brakeman, and had both of his legs cut off above the knees, in 1911. The railroad company paid him $18,000 as damages on account of his injury. He was placed in a hospital for some time after he received his injuries, and then went to live with his sister, Eva Baw Nissen, at her home in Prairie County, Arkansas. He lived with her for over five years, until the date of his death on the 2d day of December,

1918. During most of this time Baw suffered pain which rendered him very nervous and irritable. His physical condition was such that he required a great deal of care and attention, which was bestowed upon him by his sister. He told several people, at different times, who came to see him, that he intended that his sister, Eva Baw Nissen, should have all of his property that was left after his death. He had no wife or children. His sister would have inherited one-half of his estate and the defendants the other half.

The jury returned a verdict in favor of the defendants, and from the judgment rendered upon the verdict the plaintiff, Eva Baw Nissen, has duly prosecuted an appeal to this court.

*J. F. Holtzendorff* and *Trimble & Trimble,* for appellant.

The court erred in instructing the jury that any service under any circumstances rendered by a sister to a brother is gratuitous. Where a relative accepts services from another under circumstances which render an implied contact to pay therefor, the law will imply a contract to pay the reasonable value of such services. 75 Ark. 191; 82 Ark. 136; note 11 L. R. A. (N. S.) 873.

*Geo. W. Emerson* and *Cooper Thweatt,* for appellee.

Where the parties are members of the same family, the presumption is that the services were rendered gratuitously. 56 Ark. 385; 40 Cyc. 2823; 4 Pa. Co. Ct. 177; 30 Mo. App. 176; 67 N. W. 37. Objection to the verification of a pleading cannot be taken for the first time on appeal. C. & M. Dig., § 1246; 88 Ark. 433; 71 Ark. 609.

HART, J., (after stating the facts). The errors complained of are that the court erred in instructing the jury. Without quoting the language of the charge, it may be said that the court, in effect, told the jury that the plaintiff could not recover without establishing a special or express promise to pay her. The court also told the jury that the evidence showed that the relationship be-

tween the claimant and the deceased was sister and brother, and that, where this relationship exists, the law presumes that the services were rendered gratuitously and without compensation.

We are of the opinion that the court erred in its instructions to the jury. It is an elementary principle of the law of contracts that, where a party accepts the beneficial results of another's services, the law implies a previous request and a subsequent promise. *Ford* v. *Ward,* 26 Ark. 360.

It is also an elementary principle of law that the contract which the law ordinarily implies to pay for services and maintenance is not presumed between parent and child, or in any other case of near relationship where the parties live together and create the family relation, and this well-known exception to the general rule has been recognized by this court in the following cases: *Hogg* v. *Laster,* 56 Ark. 362; *Lewis* v. *Lewis,* 75 Ark. 191, and *Williams* v. *Walden,* 82 Ark. 136.

A careful reading and consideration of the decisions just cited leads us to the conclusion that, in all such cases, it is a matter for the jury to determine, from all the surrounding circumstances, whether the services were rendered under an implied contract or not; and this doctrine we consider to be according to the better reasoning on the subject. While, in a case like this, no contract can be said to be implied by law or implied as a matter of law on the ground that a legal obligation exists because the services have been performed, still a contract may have been found to have existed in fact from all the circumstances and conditions proved.

It was incumbent upon the plaintiff to show that she performed the services which were at the foundation of her claim, expecting, at the time, to be paid therefor, and that her brother so understood it, or that, under the circumstances, he had sufficient reason to believe that she expected pay for her services.

A leading case on the question, and one which is frequently cited, is *Guild* v. *Guild,* 15 Pick. (Mass.) 129. In that case, the matter was well summed up by SHAW, C. J., as follows: "But the court are all of opinion that practically the question is of much less importance than at first view it would appear. Those who think that the law raises no implied promise of pecuniary compensation, from the mere performance of useful and valuable services, under the circumstances supposed, are nevertheless of opinion that it would be quite competent for the jury to infer a promise, from all the circumstances of the case; and although the burden of proof is upon the plaintiff, as in other cases, to show an implied promise, the jury ought to be instructed that if, under all the circumstances of the case, the services were of such a nature as to lead to a reasonable belief that it was the understanding of the parties that pecuniary compensation should be made for them, then the jury should find an implied promise, and a *quantum meruit;* but, if otherwise, then they should find that there was no implied promise."

No hard and fast rule can be laid down, and every case must be governed by its peculiar circumstances. It is incumbent upon the claimant to show that, at the time the services were rendered, it was expected by both parties that she should receive compensation, but she may show this by circumstantial as well as by direct evidence. All the surrounding circumstances under which the services were performed may be proved.

It results from our views that the court erred in substantially telling the jury that the claimant can only recover upon an express contract, and that the relationship of brother and sister raises a presumption at law that the services were gratuitously rendered.

Therefore the judgment must be reversed, and the cause will be remanded for a new trial.