ESTATE OF BOLDT: BOLDT and others, Appellants, vs.
SANDERS, Respondent.

*September 16—October 12, 1948.*

For the appellants there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman*.

*Urban P. Van Susteren* of Appleton, for the respondent.

HUGHES, J. Claimant is the granddaughter of the decedent. In 1942 decedent was a widower seventy-eight years of age living in his own home in the city of Appleton. In November, 1942, the claimant, her husband and small children moved into the home of John Boldt under an agreement whereby they were to occupy the home "rent free" in consideration of furnishing Boldt room and board and laundry service.

Mr. Boldt had this agreement reduced to writing by an attorney and both he and Ed. H. Sanders, claimant's husband, executed it on November 2, 1942.

Upon the death of the decedent Eleanore Sanders filed a claim for nursing services and custodial care claiming a specific contract with the deceased for $10 per day. The trial court, after hearing the evidence, allowed recovery to the claimant on *quantum meruit* at the rate of $5 per day.

Appellants contend, (1) that the trial court's finding that claimant successfully rebutted the presumption of gratuity because of the relationship between claimant and deceased is against the great weight and clear preponderance of the evidence; (2) that where claimant filed on express contract for $10 per day and failed to prove such contract, the trial court erred in allowing recovery on *quantum meruit* at the rate of $5 per day; (3) that the trial court's finding that claimant furnished nursing care for a period of two hundred forty-one days is against the great weight of the evidence; and (4) that there is no credible evidence to support the allowance of $1,205 to claimant.

The contract[1] indicates clearly that the parties thereto considered the use of the premises by the claimant's family to be of the same value as room, board, and laundry service to the decedent, and that the one consideration was given in exchange for the other. The trial court's conclusion that it evidenced an intention of the parties to be remunerated for the services that each was contracting to render and that the manner of their dealings with each other completely refuted any presumption that the granddaughter was furnishing room and board gratuitously, is entirely reasonable and in accord with the evidence. In addition to the terms of the contract itself, Edward Boldt, a son of the decedent and one of the objectors, testified:

"My father mentioned to me a couple of times that Mrs. Sanders would get well paid for what she was doing for him. . . . I objected to the claim because I thought the amount was too large."

The fact that the deceased had money with which to pay bills and that claimant never rendered him a statement for any personal services before his death, was a factor which should have been persuasive to the trial court, but it was not conclusive upon him.

When services are rendered by one who has a right to expect compensation therefor from the person benefited and under such circumstances that the person benefited should pay, the basis of recovery must be the reasonable value of the serv-

---

[1] Ed. Sanders of 809 West Summer street, in consideration of using the premises located at 809 West Summer street as a residence, rent free, for himself and his family, hereby agrees and undertakes to board and room John Boldt, grandfather of Mrs. Sanders, without charge and to permit the said John Boldt to use and occupy his own bedroom and to be permitted the general use of the house as required in connection with his keep. That said board and room shall also include his laundry.

This agreement shall continue in full force and effect during the life of John Boldt, unless terminated by either of the parties.

Dated this 2d day of November, A. D. 1942.

Ed. H. Sanders (Signed)
John C. Boldt (Signed)

ices rendered in the absence of an express agreement specifying a different sum. It is a little difficult to understand the basis for appellants' objection to *quantum meruit* in this case.

The testimony of the length and degree of care required was in sharp conflict. The objectors produced testimony that after a serious attack of grippe in November, 1946, the deceased recovered his health and was a chipper eighty-three-year-old until June, 1947. The testimony produced by the claimant supports a conclusion that the decedent during this interval, while not requiring nursing care at all times, was a constant care by reason of mental deterioration and a tendency to wander from the home. After examination of the entire record we are unable to say that the judgment of the trial court is contrary to the great weight of the evidence.

*By the Court.*—Judgment affirmed.