KEETON, ADMR., *v.* BOZARK.

5-2205                                                    339 S. W. 2d 123

Opinion delivered October 17, 1960.

*Kirsch, Cathey & Brown* and *Frierson, Walker & Snellgrove,* for appellant.

*Robert Branch,* for appellee.

SAM ROBINSON, Associate Justice. This appeal is from an order of the probate court allowing the claim of appellee, Annie Bozark, against the estate of William Franklin Irvin, deceased. Appellee filed a claim for $2,570.00 for furnishing room, board, nursing care, ambulance service and medical expense to deceased. The administrator refused to allow the claim, and after hearing the court allowed $1,275 for services rendered and $20 for ambulance and medical expense.

Appellee lives in Marmaduke, where she owns her home. In May of 1957, the deceased, who was appellee's uncle, moved his house trailer onto appellee's property immediately behind her house, and lived there until September of the same year. In the spring of 1958 deceased returned to Marmaduke and shortly thereafter once again moved his trailer into appellee's back yard. He lived there until his death on April 5, 1959, except for an interval of two weeks while he stayed in Paragould.

Deceased was past 80 years of age when he died. It is abundantly clear that during the time he lived on appellee's property he was unable to care for himself and needed a great deal of attention. It was necessary for appellee, with the help of her son, to prepare his meals, wash and iron his clothes, clean his trailer and care for him almost constantly. During cold weather deceased moved into appellee's home so he would be more comfortable. There is ample testimony to the effect that deceased was an elderly feeble person who required someone to look after him. There is sufficient evidence to support the court's finding that the services were performed by appellee.

Appellant argues that the services of appellee to the deceased were gratuitous at the time they were rendered

and she cannot now say there was an implied contract to pay for them. We agree with the ruling of the court below that this case comes within the fundamental principle that where a party accepts the beneficial results of another's services the law implies a previous request and a subsequent promise to pay for them. *Nissen* v. *Flournoy,* 160 Ark. 311, 254 S. W. 540. Appellant also urges that there is a presumption that the services are gratuitous where they are rendered by members of the deceased's family. Appellee was 49 years of age and her uncle was over 80. They had not seen each other for fifteen years prior to 1957. We have said the presumption urged by appellant is less strong where the relationship becomes more remote. *Capps* v. *Cline,* 227 Ark. 201, 297 S. W. 2d 654. We cannot say that all of the elements which give rise to the presumption were present here.

Appellant further argues that the allowance of the claim was excessive. Deceased had two bank accounts totaling about $9,800 when he died. He was receiving each month $100 from a teachers' retirement fund, $45 from one daughter and approximately $150 from another daughter, both of whom lived in California. Despite this income, he showed miserly qualities and contributed very little, if any, to his own support. On the other hand, appellee worked as a waitress for as little as $12 per week, yet it appears that she paid for practically all of deceased's support. The award of the court was on the basis of $75 per month for 17 months. We cannot say this was in excess of the value of the services rendered. In this same vein appellant questions the admissibility of the testimony of Martha Newberry, who appeared as an expert on the value of services in caring for elderly people. Her testimony is challenged on the ground that the services rendered by appellee were not similar to the services used by the witness in setting the value. Whether or not the qualification of a witness with respect to knowledge or special experience is sufficiently established is a matter resting in the discretion of the court, whose determination is usually final and will

not be disturbed by an appellate court except in extreme cases where it is manifest that the trial court has fallen into error or has abused its discretion and that prejudice to the complaining party has resulted. *Firemen's Ins. Co.* v. *Little,* 189 Ark. 640, 74 S. W. 2d 777. We find no error here.

Affirmed.