FIELDHOUSE LANDSCAPE, INC., Respondent, v. GENTILE and wife, Appellants.

*January 9—February 7, 1961.*

For the appellants there was a brief by *Oldenburg, Manzer & Engel* of Madison, and oral argument by *H. M. Manzer*.

For the respondent there was a brief by *La Follette, Sinykin, Doyle & Anderson* of Madison, and oral argument by *A. Roy Anderson*.

BROADFOOT, J.   The defendants contend that the measure of damages in *quantum meruit* cases is the value of the benefit received by the defendants; that there is no evidence in this

particular case as to the benefit received by the defendants and therefore the trial court's award of damages was either arbitrary or reached by an improper application of law. Several cases are cited which support their contentions as they interpret them.

The cases relied upon by the defendants can all be distinguished from the present case. To do so herein would unduly lengthen this opinion. The distinction between contracts implied in fact and quasi or constructive contracts which are legal fictions created by law for reasons of justice are often misunderstood. For a discussion of the distinction between the two, see 12 Am. Jur., Contracts, pp. 498 to 504, secs. 4, 5, and 6; 17 C. J. S., Contracts, pp. 317, 322, secs. 4, 6. Some discussion thereon is had in *Shulse v. Mayville,* 223 Wis. 624, 271 N. W. 643, wherein reference is made to Restatement, 1 Contracts, p. 7, sec. 5.

In the present case there was no express contract between the parties or, as the trial court stated, there was no meeting of the minds. The plaintiff submitted a written bid which was not formally accepted, but the defendants wrote additional items upon the proposal which were not communicated to the plaintiff. However, it is undisputed, and the trial court so found, that the plaintiff furnished materials and performed labor at the request of the defendants. Under all of the circumstances, there was an implied promise on the part of the defendants to pay therefor.

The measure of damages in such cases is the reasonable value of the materials furnished and labor performed. The rule is stated in *Wojahn v. National Union Bank,* 144 Wis. 646, 667, 129 N. W. 1068, as follows:

"The general rule is that if a person performs valuable services for another at that other's request, the law implies, as matter of fact, the making of a promise by the latter and acceptance thereof by the former to pay the one performing the service the reasonable value thereof. *Wheeler v.*

*Hall,* 41 Wis. 447; *Kelly v. Houghton,* 59 Wis. 400, 18 N. W. 326; *Link v. Chicago & N. W. R. Co.* 80 Wis. 304, 50 N. W. 335."

The rule has been cited with approval in later cases, including *Estate of St. Germain,* 246 Wis. 409, 17 N. W. (2d) 582, and *Estate of Beilke,* 263 Wis. 372, 57 N. W. (2d) 402. See also *Estate of Boldt,* 253 Wis. 386, 34 N. W. (2d) 135. The same rule applies when materials are delivered by one person to another at the latter's request.

The trial court properly applied the law of this state in determining the amount of damages awarded to the plaintiff and his findings are supported by the record.

*By the Court.*—Judgment affirmed.