## BILL WILLARD, dba PUBLIC RELATIONS ADVERTIS-ING, Appellant, v. HAROLD BUCK, Respondent.

No. 5592

January 15, 1969                449 P.2d 471

*Denton & Monsey,* and *Margaret Ann Willoughby,* of Las Vegas, for Appellant.

*Morse, Graves, Parraguirre & Rose, Ltd.,* and *John Taylor,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Appellant Willard supervised the campaign advertising for respondent Buck's unsuccessful 1963 bid for the office of Las Vegas City Commissioner. Willard contends that he is entitled to compensation for his services under an alleged oral contract with Buck. Buck contends that Harry Kaye was the person who promised to pay for the campaign expenses. The district court held that Willard had failed to show the existence of a contract with Buck by a preponderance of the evidence and therefore ruled in favor of Buck.

It is well-established that when nongratuitous services are rendered for one who is not a relative, and these services are voluntarily accepted, an inference or presumption arises that the beneficiary promises to pay for these services. Morrill v. United States, 228 F.Supp. 734 (D.Me. 1964); Keeton v. Bozark, 339 S.W.2d 123 (Ark. 1960); Williams v. Dougan, 346 P.2d 241 (Cal.App. 1959); In re Martin's Estate, 155 N.W.2d 401 (Iowa 1968); Smith v. Sypret's Estate, 421 S.W. 2d 9 (Mo. 1967); Cronn v. Fisher, 422 P.2d 276 (Ore. 1966); Gename v. Benson, 153 N.W.2d 571 (Wis. 1967); In re Voss' Estate, 121 N.W.2d 744 (Wis. 1963); In re Kuepper's Estate, 107 N.W.2d 621 (Wis. 1961); Fieldhouse Landscape, Inc. v. Gentile, 107 N.W.2d 491 (Wis. 1961); cf. Bangle v. Holland Realty Inv. Co., 80 Nev. 331, 393 P.2d 138 (1964); Annotation, 7 A.L.R.2d 8 (1949); 3 A. Corbin, Contracts § 566 (1960). This rule is particularly applicable when, as in this case, the beneficiary requests the services. The burden of proof is on the beneficiary to rebut the inference or presumption.

It appears that there was sufficient proof given here to raise the presumption that Buck intended to pay for the services he requested and received. The trial court apparently believed that

the evidentiary presentations proving and disproving a contract between Willard and Buck were equally persuasive and that therefore the appellant had not proven a contract by a preponderance of the evidence. It does not appear that either counsel or the court were aware of the operation of the presumption. If the trial court believes that the evidence was equally weighted, the presumption has not been overcome and the court must find for Willard. If the trial court believes that respondent has shown by a preponderance of the evidence that Willard's claims were to be paid by Harry Kaye, then it must find for Buck.

We therefore remand to the trial court for a reconsideration of the evidence and appropriate findings in light of the rule announced here. Another trial is not required.

COLLINS, C. J., BATJER and MOWBRAY, JJ., concur.

THOMPSON, J., dissenting:

Willard, a public relations and advertising man, commenced this action against Buck to recover money claimed to be due for services rendered under an oral agreement to handle the campaign advertising for Buck's unsuccessful 1963 bid for the office of Las Vegas City Commissioner. The district court ruled in favor of the defendant Buck on the premise that Willard had failed to prove an oral agreement with Buck obligating the latter to pay. I would affirm that determination since the record contains substantial evidence to support it. Slobe v. Kirby Stone, Inc., 84 Nev. 700, 447 P.2d 491 (1968).

The evidence was conflicting and the trial judge was free to resolve the conflicts. Had he accepted Willard's testimony in full he could have ruled for him without fear of reversal by us. However, he apparently rejected Willard's version and preferred the evidence submitted in defense, which established that Willard would rely upon one Harry Kaye for the payment of expenses and fees incurred in the handling of Buck's campaign. I am not willing to assume, as do my Brothers, that the trial court was unaware of the legal presumption mentioned in the majority opinion, and decided the case without considering it.