IN THE SUPREME COURT OF THE STATE OF NEVADA

COMSTOCK RESIDENTS ASSOCIATION; AND JOE MCCARTHY, Appellants, vs. LYON COUNTY BOARD OF COMMISSIONERS; AND COMSTOCK MINING INCORPORATED, Respondents.

No. 83463

FILED

SEP 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court postjudgment order awarding attorney fees and costs. Third Judicial District Court, Lyon County; Robert E. Estes, Judge.

Appellants Comstock Residents Association and Joe McCarthy (collectively, CRA) brought a complaint for declaratory and injunctive relief/petition for judicial review against the Lyon County Board of Commissioners (the Board) and respondent Comstock Mining Inc. (CMI), in 2013. The complaint challenged the Board's decision to grant CMI's application to amend the master plan for Lyon County. The amendment would change land use designations and zoning within Silver City to allow CMI to mine in the area with a special use permit. CRA alleged the following causes of action: (1) violation of Nevada's open meeting laws, (2) denial of due process, (3) abuse of discretion, and (4) violation of NRS 278.220. After lengthy litigation spanning eight years, CMI ultimately prevailed on all claims and filed a motion for attorney fees and costs. The district court granted the motion, awarding $201,580.00 in attorney fees and $1,571.47 in costs, totaling $203,151.47. CRA now appeals that

22-29078

decision, contending that the district court erred in awarding attorney fees under NRS 278.0237 and NRS 18.010, and arguing that even if CMI was entitled to attorney fees, the district court erred because it failed to make any *Brunzell*[1] findings.

*The district court erred in awarding attorney fees under NRS 278.0237(2) but did not err in awarding attorney fees under NRS 18.010(2)(b)*

"[A]ttorney[ ] fees are not recoverable absent a statute, rule or contractual provision to the contrary." *Rowland v. Lepire*, 99 Nev. 308, 315, 662 P.2d 1332, 1336 (1983). When eligibility for an attorney fee award depends on interpretation of a statute or court rule, the district court's decision is reviewed de novo. *Logan v. Abe*, 131 Nev. 260, 264, 350 P. 3d 1139, 1141 (2015). Here, we conclude that while the district court erroneously awarded attorney fees to CMI under NRS 278.0237(2), fees were proper under NRS 18.010(2)(b).

NRS 278.0233(1) allows "[a]ny person who has any right, title or interest in real property," and who has filed a legally required application for a permit, to sue the agency reviewing the application under certain circumstances. If that party prevails, then the court may award them attorney fees under NRS 278.0237(2). CMI was not aggrieved by the decision and did not file suit, so the possibility of attorney fees under NRS 278.0237(2) was not available to it. *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 228-29, 209 P.3d 766, 769 (2009) ("[W]hen the language of a statute is plain and unambiguous . . . this court should not construe that

---

[1]*Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349 455 P.2d 31, 33 (1969) (detailing factors the district court should consider when awarding attorney fees).

statute otherwise."). Thus, the district court erred in awarding attorney fees to CMI under NRS 278.0237(2).

However, under NRS 18.010(2)(b), a district court may award "attorney[ ] fees to a prevailing party . . . [w]ithout regard to the recovery sought, when the court finds that the claim . . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." "Although a district court has discretion to award attorney fees under NRS 18.010(2)(b), there must be evidence supporting the district court's finding that the claim or defense was unreasonable or brought to harass." *Frederic & Barbara Rosenberg Living Tr. v. MacDonald Highlands Realty, LLC*, 134 Nev. 570, 580-81, 427 P.3d 104, 113 (2018) (quoting *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 493, 215 P.3d 709, 726 (2009) *modified on other grounds*).

Here, all causes of action in CRA's complaint were only properly pursued as to the Board, not CMI as none of the causes of action are even legally cognizable against CMI. The first cause of action for violation of Nevada's open meeting laws could not have been brought against CMI, as it can only be brought against a public body. *See* NRS 241.016(1) ("The meetings of a public body . . . are subject to the provisions of this chapter."); NRS 241.015(4)(a) (defining "public body," in part, as "[a]ny administrative, advisory, executive or legislative body of the State or a local government consisting of at least two persons which expends or disburses or is supported in whole or in part by tax revenue . . . "). The second cause of action for denial of due process likewise must be brought against the state. *See* U.S. Const. amend. XIV, § 1 (providing that no state "shall . . . deprive any person of life, liberty, or property, without due process of law"); Nev. Const. art. 1, § 8 (same). The third cause of action for abuse of discretion also could

not have been brought against CMI, as the discretionary act was the Board's granting of CMI's application. *See Cty. of Clark v. Doumani*, 114 Nev. 46, 53, 952 P.2d 13, 17 (1998) ("The grant or denial of a rezoning request is a discretionary act."), *superseded by statute on other grounds as stated in Scenic Nev., Inc. v. City of Reno*, No. 80644, 2021 WL 1978360 at *1 (Nev. May 17, 2021) (Order of Affirmance). Finally, the fourth cause of action for violation of NRS 278.220 could not have been brought against CMI, because NRS 278.220 regulates the Board or the "governing body."

Because CRA did not have reasonable grounds to bring or maintain its claims against CMI, we conclude that the district court properly determined CMI, as the prevailing party, was entitled to attorney fees under NRS 18.010(2)(b).

*The district court abused its discretion in failing to make sufficient findings regarding the* Brunzell *factors*

"We review an award of attorney fees for an abuse of discretion." *Logan*, 131 Nev. at 266, 350 P.3d at 1143. While the failure to make explicit findings as to the *Brunzell* factors is not a per se abuse of discretion, "the district court [must] demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 245, 416 P.3d 249, 258-59 (2018) (quoting *Logan*, 131 Nev. at 266, 350 P.3d at 1143)). Here, although the district court stated that it considered the *Brunzell* factors, it failed to make any explicit findings. Further, a review of the record demonstrates only general and conclusory affidavits supporting CMI's request for attorney fees. Because we are unable to discern whether the award of attorney fees was supported by substantial evidence, we reverse that portion of the district court's order and remand for the district court to conduct further *Brunzell* analysis. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART, REVERSED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc: Chief Judge, The Third Judicial District Court
Hon. Robert E. Estes, Senior Judge
Leonard Law, PC
John L. Marshall
Allison MacKenzie, Ltd.
Lyon County District Attorney
Third District Court Clerk