DAVID G. SLOBE, EVELYN L. SLOBE AND EUNICE SCHWARTZKOPF, APPELLANTS, v. KIRBY STONE, INC., A NEVADA CORPORATION, RESPONDENT.

No. 5565

December 10, 1968                    447 P.2d 491

*Leo P. Bergin* and *Gordon W. Rice,* of Reno, for Appellants.

*Bible, McDonald, Carano & Wilson* of Reno, for Respondent.

## OPINION

By the Court, Thompson, C. J.:

A corporate buyer of a motel commenced this action for equitable relief to preclude forfeiture of its rights under the contract of purchase and sale. The district court granted that relief and the sellers appeal to us. We affirm that determination since the record contains substantial evidence to support it.

The August 1963 contract fixed the purchase price at $129,-000. The buyer paid $26,005.25 down and was to pay the balance in monthly installments with interest. The buyer was obliged to pay all property taxes. Time was made the essence of the contract. Taxes were not paid from the time of purchase, nor was the monthly installment due September 26, 1967. On October 20, 1967, the sellers caused a notice of default to issue from the title company escrow giving buyer 30 days in which to cure default or forfeit all rights. The sum of $8,310.28 was required to cure the default. When default was declared the buyer's investment in the motel was about $90,000—the down payment, plus subsequent principal payments of about $24,000, interest payments of about $19,000, and remodeling expenses of about $18,000. The facts which we have just recited are not in dispute.

The trial of the case centered upon representations and conduct of one of the sellers after notice of default was given. On this aspect, the evidence was in conflict and the trial court was free to resolve that conflict. The record may be read to show that one of the sellers encouraged the president of the corporate buyer to secure a purchaser of the motel and cure the defaults since the sellers did not want the property back and preferred the money; that the president did so and entered into an escrow arrangement with such purchaser with the knowledge and implied approval of the sellers; and that such purchaser had, in turn, committed herself to others for financing. The trial court made findings in accordance with that evidence, precluded forfeiture, and allowed the buyer and its new purchaser a reasonable period of time within which to close their escrow.

We cannot fault the trial court in these circumstances. The fact that the contract of purchase and sale made time of the

essence is not controlling. That provision coupled with a provision for forfeiture does not preclude equitable relief from a default and declaration of forfeiture if performance is later tendered without unreasonable delay and no circumstances have intervened to make it inequitable to give such relief. Mosso v. Lee, 53 Nev. 176, 185, 295 P. 776 (1931); Moore v. Prindle, 80 Nev. 369, 394 P.2d 352 (1964); Barkis v. Scott, 208 P.2d .367 (Cal. 1949). As we see it, the lower court's judgment protected all interested parties without damage to any of them.

Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.