DAVIDSON & COMPANY, LIMITED, APPELLANT, *v.* JOHN S. ALLEN AND BERNICE J. ALLEN, RESPONDENTS.

No. 6928

March 30, 1973          508 P.2d 6

*George L. Albright* and *William L. McGimsey,* of Las Vegas, for Appellant.

*Larry C. Johns,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

This action was instituted by Davidson & Company, Limited, a Canadian brokerage firm, against the Allens to recover $12,604.23 allegedly due upon a default judment for that amount entered by a court of general jurisdiction in British Columbia, Canada. Our district court found that the Canadian court lacked jurisdiction to render a valid in personam judgment against the Allens. Accordingly, it entered summary judgment for the defendants, from which this appeal is taken.

Stating the facts most to the advantage of Davidson & Company, as we are bound to do [Smith v. Hamilton, 70 Nev. 212, 213, 265 P.2d 214 (1953); Franktown v. Marlette, 77 Nev. 348, 352, 364 P.2d 1069 (1961); Pine v. Leavitt, 84 Nev. 507, 513, 445 P.2d 942 (1968)], it appears that Robert Van Holten spoke with John Allen and six other persons about purchasing stock in a Canadian mining company. Believing that he was authorized to do so, Van Holten, by telephone, ordered the stock for Allen and the others through Davidson & Company. Van Holten was not an agent for Davidson, nor did he have written authorization to act for Allen. Allen never had an account with Davidson, nor any dealings with that firm. The stock was purchased and the seven Nevada persons were billed separately for their shares and all except Allen, apparently paid.

Davidson & Company commenced an action against the Allens in the appropriate court in British Columbia, Canada, to recover the purchase price. Process was personally served upon the Allens at Las Vegas, Nevada, pursuant to a rule of court of British Columbia authorizing such service. The Allens did not appear in the Canadian action, and a judgment in default of their appearance was thereafter entered.

1. Before a default judgment of a foreign nation is recognized in the United States, the American court must be convinced that the foreign court possessed jurisdiction. Restatement (Second), Conflict of Laws § 98, comment c (1969). This is only right, since the purpose of jurisdictional standards is to assure that it is fair to require the parties to litigate their controversy in the court of a given community. The potential for unfairness is much greater when the adversary does not appear and a judgment by default is taken against him. It is for this reason, that we are free to review the jurisdictional basis of the foreign judgment. The Supreme Court in Griffin v. Griffin, 327 U.S. 220 (1946), noted "due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment acquired elsewhere without due process." Id. at 229.[1] And, the standards of judicial power of the United States govern, rather than those of Canada. Cherun v. Frishman, 236 F.Supp. 292 (D.D.C. 1964).

2. In line with relevant holdings of the United States Supreme Court [International Shoe Co. v. Washington, 326 U.S. 310 (1945); Travelers' Health Assn. v. Virginia, 339 U.S. 643 (1950); Perkins v. Benguet Mining Co., 342 U.S. 437 (1952); McGee v. International Life Ins. Co., 355 U.S. 220 (1957); Hanson v. Denckla, 357 U.S. 235 (1958)], Nevada has recognized that nondomiciliaries of the forum state may be subjected to the personal jurisdiction of that state without offending the demands of either procedural or substantive due process. Mizner v. Mizner, 84 Nev. 268, 439 P.2d 679 (1968). The preconditions are the existence of appropriate authorization for the acquisition of such jurisdiction in the manner it was acquired, and sufficient contacts between the defendant and the forum relevant to the cause of action to satisfy "traditional notions of fair play and substantial justice." Mizner v. Mizner, supra, at 271. This is the line of inquiry we must pursue in deciding whether to recognize the Canadian default judgment, and to allow its enforcement in the courts of Nevada.

---

[1] Hilton v. Guyot, 159 U.S. 113 (1895), announced the doctrine that recognition will be denied unless the rendering jurisdiction would recognize an analogous judgment by the requested forum. The decision rested "upon the broad ground that international law is founded upon mutuality and reciprocity." Id. at 228. The Hilton opinion did not discuss whether its doctrine would be binding on state courts. It probably is not. Restatement (Second), Conflict of Laws § 98, comment e (1969).

The record does not show essential minimum contacts. The Allens were not domiciliaries of Canada when the cause of action arose, or at any other time. They were not present in Canada, nor did they commit acts there giving rise to the cause of action asserted in that jurisdiction. Cf. Mizner v. Mizner, supra; Bates v. Bates, 53 Nev. 77, 292 P. 298 (1930). Indeed, they had no contact whatsoever with Davidson & Company or its representative either in Canada or Nevada. Cf. McGee v. International Life Ins. Co., supra, where a single transaction of direct solicitation within the judgment rendering state was found to be sufficient; cf. Cherun v. Frishman, 236 F.Supp. 292 (D.D.C. 1964), concerning a Canadian transaction. In these circumstances, a predicate for the exercise of in personam jurisdiction by the Canadian court does not exist.

Affirmed.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.