MARION R. McCANN, Appellant, *v.* ROSE S. PAUL, Respondent.

No. 7209

March 26, 1974                                      520 P.2d 610

## O P I N I O N

*Per Curiam:*

Marion McCann, purchaser, appeals from a judgment denying him specific performance of a contract made with Rose Paul, seller, for the purchase of unimproved real property. He had paid $250 for an option to purchase the property, exercised that option, and paid an additional $500 when escrow was opened. However, he failed to tender the balance of the purchase price, $6,250 when it was due. He did tender the balance twenty-nine days later. It is his contention that the district court should have granted him equitable relief since his late tender of payment did not prejudice the seller.

Specific performance may be granted a defaulting purchaser who later tenders performance without unreasonable delay, if circumstances have not intervened to make it inequitable to give such relief. Slobe v. Kirby Stone, Inc., 84 Nev. 700, 447 P.2d 491 (1968); Moore v. Prindle, 80 Nev. 369, 394 P.2d 352 (1964). Of course, the decision to either grant or refuse specific performance is addressed to the sound discretion of

the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. In those instances where equitable relief is granted to the purchaser, we normally find that he has paid a considerable portion of the purchase price, or has entered upon the property and enhanced its value by the placing of improvements thereon, or some other similar circumstance that would constitute a forfeiture of substance, if such relief were not given. Slobe v. Kirby Stone, Inc., supra; Moore v. Prindle, supra; Mosso v. Lee, et al., 53 Nev. 176, 295 P. 776 (1931); Canepa v. Durham, 62 Nev. 417, 153 P.2d 899 (1944). Such circumstances do not appear in the record before us, and we are, therefore, unable to rule that the district court abused its discretion in denying equitable relief to the defaulting purchaser.

Affirmed.