ANTHONY BENETTI, Appellant, v. IRWIN KISHNER, Trustee; JERRY ENGEL, Trustee; VALLEY BANK OF NEVADA, a Nevada Corporation, Trustee; all as Trustees of the Herman Kishner Trust, Respondents.

No. 8410

January 3, 1977                    558 P.2d 537

*John Peter Lee* and *James C. Mahan,* of Las Vegas, for Appellant.

*Dickerson, Miles & Pico,* and *Bert O. Mitchell,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This action for declaratory relief was commenced to resolve a landlord-tenant dispute. The district court, on motion for summary judgment, ruled for the landlord concluding that the lease in issue had expired since the tenant had not timely exercised his option to renew the lease and had failed to show a valid reason for his tardy effort to exercise his option to renew.

Although it is clear that the lessee did not timely exercise his option right, other circumstances suggest the existence of an issue of material fact with regard to whether equitable relief may be warranted to preclude forfeiture of tenancy rights. Consequently, we reverse and remand for trial.

The appellant, Anthony Benetti, operates a package liquor store, slot machines and cocktail lounge called "Tommy B's Casino" in a Las Vegas building which he leased in 1968 from Agnes Grist.[1] That lease was for a term of five years to expire

---

[1]On December 30, 1969, Herman Kishner succeeded to the interest of Agnes Grist as lessor. Herman Kishner died January 2, 1972, and the respondents, as trustees of the Herman Kishner Trust, became the owners of the leased premises.

July 9, 1973, and contained an option to renew for an additional five-year term. The terms of the option, among other things, required Benetti to transmit notice of intention to exercise option to lessor by certified or registered mail "not later than six months prior to the expiration of the lease," that is, before January 9, 1973. Time was made of the essence with regard to the lessee's exercise of his option to renew. Benetti, the lessee, did not give notice until March 16, 1973. His excuse for his tardy exercise of his option to renew was that an addendum to the lease, executed in April 1971 by Kishner and himself, and the circumstances attendant upon the execution of that instrument, resulted in his honest belief that the term of the original lease was changed and that it was not necessary to exercise his option in order to retain possession beyond July 9, 1973.

1. The parties to this appeal do not dispute the general rule that where a lessee has a right to renew provided that he gives the lessor notice by a specified time that he intends to exercise such right, the giving of notice is a condition precedent which must be done within the stipulated time. The right to renew is lost if notice is not given as required by the lease. Cases collected Annot. 44 A.L.R.2d 1359 (1955); Jay Gee Commerce, Inc. v. Havas, 89 Nev. 157, 508 P.2d 1015 (1973). However, special circumstances may warrant equitable relief and thus preclude forfeiture of the tenant's right to renew. Jones v. Gianferante, 111 N.E.2d 419 (N.Y. 1953); American Houses v. Schneider, 211 F.2d 881 (3d Cir. 1954); Dugan v. Haige, 54 So.2d 201 (Fla. 1951).

Moreover, the fact that the lease expressly makes time of the essence is not necessarily controlling. That provision coupled with a provision for forfeiture does not preclude equitable relief from default and declaration of forfeiture if performance later is tendered without unreasonable delay and no circumstances have intervened to make it inequitable to give such relief. McCann v. Paul, 90 Nev. 102, 520 P.2d 610 (1974); Slobe v. Kirby Stone, Inc., 84 Nev. 700, 447 P.2d 491 (1968); Mosso v. Lee, 53 Nev. 176, 295 P. 776 (1931).

As already noted, this case comes to us on appeal from summary judgment. Consequently, we must accept as true all evidence favorable to the tenant Benetti against whom summary

judgment was entered. Davidson & Company v. Allen, 89 Nev. 126, 508 P.2d 6 (1973); Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966); Franktown v. Marlette, 77 Nev. 348, 364 P.2d 1069 (1961). Within this context we believe that the record discloses an issue of material fact as to whether equity should intervene for the tenant Benetti and thus preclude forfeiture of his option to renew. We turn to relate relevant circumstances which, in our view, compel this conclusion.

2. The April 1971 "addendum to lease agreement" between Kishner and Benetti was prepared by a non-lawyer and is in two parts. The first part amends the original lease to allow lessee additional slot machines and to provide for an increased rental. The second part entitled "agreement to execute new lease" is, perhaps, the central cause of this litigation. It is not necessary to set forth its wording in full. It is sufficient to note the following. The lessor and lessee each acknowledged that the lessor intended to demolish the leased premises and construct a shopping center complex at a different location, and that a new lease would be made between them for space in the new shopping center to commence on the day of occupancy by the lessee, to expire December 31, 1981, and granting to the lessee an option to extend the term for an additional ten years until December 31, 1991. Moreover, it was agreed that "as soon as the new premises are ready for occupancy the lessee shall vacate his present store space without delay and relocate in the space as previously agreed to."

Benetti thought that the original lease was superseded by the April 1971 document. Moreover, it is reasonable to draw the inference from the record before us that he believed the new shopping center would be completed before July 9, 1973, when his original lease would expire. The Lessor Kishner died January 2, 1972. Thereafter, Benetti inquired of a representative of the Kishner Trustees about their plans to proceed with construction of the shopping center but was not given definite information. After the time to exercise his option had passed he again inquired and was advised that he might have a problem since he had not timely exercised his option. Benetti then immediately notified the trustees of his intention to renew the original lease.

The record does not reflect prejudice to the lessor flowing from the lessee's late exercise of his option. It seems to us that these circumstances present an issue of material fact as to whether equity should intervene to preclude forfeiture of the tenant's right to renew. After a full and fair trial it may appear

that equitable relief is not warranted, or it may develop that such relief should be ordered. At this junction one cannot properly decide that issue.

Accordingly, we reverse the summary judgment below and remand for trial to determine whether equitable principles should be invoked to excuse the tenant's tardy exercise of his option to renew the original lease for an additional five-year term. We agree with the district court that the April 1971 addendum to lease agreement cannot, as a matter of law, be construed to grant the tenant a new lease on the existing premises extending to 1981 with an option for ten years thereafter.

BATJER, ZENOFF, and MOWBRAY, JJ., concur.