HOST INTERNATIONAL, INC., A DELAWARE CORPORATION, APPELLANT, *v.* SUMMA CORPORATION, A DELAWARE CORPORATION, DBA DESERT INN HOTEL, RESPONDENT.

No. 9962

August 25, 1978                    583 P.2d 1080

---

*Wiener, Goldwater & Waldman, Ltd.,* and *Gerald M. Gordon,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins,* and *Steve Morris,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from a judgment which denied injunctive and declaratory relief to compel respondent to renew a lease of gift shop space at the Desert Inn Hotel in Las Vegas. The initial lease for a term of 5 years, commencing June 1, 1972, and ending May 31, 1977, required the renewal option to be exercised in writing 90 days prior to expiration of the original term, i.e., no later than March 2, 1977. Written notice was not tendered until April 13, 1977.

The general rule, acknowledged by both parties, is that

"[t]he right to renew is lost if notice is not given as required by the lease." Benetti v. Kishner, 93 Nev. 1, 2, 558 P.2d 537, 538 (1977). Nevertheless, appellant contends (1) respondent waived or may be estopped to assert the requirement of written notice; and, (2) special circumstances exist which warrant equitable intervention. Neither contention has merit.

1.   "A waiver is the intentional relinquishment of a known right. [Citation omitted.] If intention is to be implied from conduct, the conduct should speak the intention clearly." Reno Realty v. Hornstein, 72 Nev. 219, 225, 301 P.2d 1051, 1054 (1956). This record is devoid of any evidence that respondent intended to waive its right to written notice. *See* Medomak Canning Co. v. York, 57 A.2d 745 (Me. 1948). Furthermore, the facts of this case do not indicate, nor does appellant suggest, that any discussions of the parties lulled appellant into inaction. Consequently, no estoppel arises. *Cf.* Summa Corp. v. Richardson, 93 Nev. 228, 564 P.2d 181 (1977).

2.   Although special circumstances may warrant equitable relief from failure to comply with a written notice requirement, no such circumstances are present here. *See, e.g.,* American Houses v. Schneider, 211 F.2d 881 (3d Cir. 1954); Benetti v. Kishner, *supra;* Dugan v. Haige, 54 So.2d 201 (Fla. 1951); Flint v. Mincoff, 353 P.2d 340 (Mont. 1960); Jones v. Gianferante, 111 N.E.2d 419 (N.Y. 1953); Gruber v. Castleberry, 533 P.2d 82 (Ariz.App. 1975); Pouquette v. Double L-W Ranch, Inc., 464 P.2d 350 (Ariz.App. 1970). On the contrary, appellant admitted that timely exercise of written notice was simply "overlooked." Equity will not intervene to protect a lessee from its own negligent failure to give the required written notice. Medomak Canning Co. v. York, *supra;* I.X.L. Furniture & Carpet Installment House v. Berets, 91 P. 279 (Utah 1907).

Affirmed.