Irmgard **LUGOT**, Plaintiff,

v.

Patricia **HARRIS**, Secretary of Health, Education and Welfare, Defendant.

No. CIV–R–79–113–ECR.

United States District Court, D. Nevada.

Nov. 6, 1980.

Brian L. Hall, Reno, Nev., for plaintiff.

B. Mahlon Brown, U. S. Atty., Shirley Smith, Asst. U. S. Atty., Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Irmgard Lugot brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. Ms. Lugot requests that the Court review and reverse action taken by the Social Security Administration on March 31, 1979, when its Appeals Council denied Ms. Lugot's claim for widow's insurance benefits on the account of Gabriel Lugot who died on February 18, 1964.

The Appeals Council upheld Administrative Law Judge Rucker's findings that plaintiff never legally married Gabriel Lugot and therefore was not entitled to widow's insurance benefits based on his account. The Judge specifically found that Gabriel Lugot lawfully married Alexandrine Lugot in Paris, France, in 1911; that Gabriel's subsequent "Mexican divorce" from Alexandrine in 1954 was void because neither party was domiciled in Mexico; and that consequently, under Nevada law, Gabriel's subsequent marriage to the plaintiff in 1954 was also invalid. Judge Rucker did find that plaintiff was a good faith putative spouse; however, he also found that Alexandrine Lugot was still living, thus making her the only legally entitled recipient to the widow's benefits.

The matter is presently before the Court on a motion for Summary Judgment filed on behalf of defendant, Patricia Harris, the Secretary of Health, Education and Welfare.

The law with respect to review of final administrative actions is clear. The findings of fact and inferences drawn from such facts are conclusive if they are supported by substantial evidence in the rec-

ord. *Johnson v. Harris*, 625 F.2d 311 (9th Cir. 1980); *Harvey v. Richardson*, 451 F.2d 589, 590 (9th Cir. 1971). The determination of substantiality is a question of law and therefore a proper issue to raise by summary judgment. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972).

■ Plaintiff, while acknowledging the role of the Court in review, nevertheless claims that the Administrator's findings are erroneous because the Administrative Law Judge interpreted the applicable Nevada law incorrectly and applied it improperly. Specifically, plaintiff contends that Judge Rucker was incorrect in stating and applying Nevada law, as it pertains to domicile, and that the judge incorrectly determined that Alexandrine Lugot was still living.

Both parties apparently agree that an ex parte Mexican divorce will not be recognized as valid in Nevada unless the petitioning spouse was a bona fide domiciliary or resident of Mexico at the time the divorce was obtained. Both parties also apparently agree that the correct law of domicile to apply to test the validity of the divorce is Nevada law. However, plaintiff contends that Nevada law requires mere presence to establish domicile.

Plaintiff cites *Aldabe v. Aldabe*, 84 Nev. 392, 396, 441 P.2d 691, 694 (1968), as pronouncing the correct law with respect to domicile in Nevada. In *Aldabe* the Court stated:

"Residence is synonymous with domicile and it is consonant with the many decisions of our court that the *fact* of presence together with *intention* comprise bona fide residence for divorce jurisdiction." 84 Nev. 392, 396, 441 P.2d 691.

After reviewing *Aldabe* and the many cases cited therein, the Court agrees with plaintiff that this is a correct statement of the law. However, it appears to the Court that the law applied by the Administrative Law Judge does not materially differ. The definition of domicile applied by Judge Rucker was essentially the common law definition accepted by Nevada:

" . . . the domicile of a person is the place where he has his true, fixed permanent

home and principal establishment, and to which, whenever he is absent, he has the intention of returning." 28 C.J.S. Domicile § 1.

Attention is especially directed to *Fleming v. Fleming*, 36 Nev. 135, 137, 134 P. 445 (1913), *McLaughlin v. McLaughlin*, 48 Nev. 153, 163–165, 228 P. 305 (1924), and *Moore v. Moore*, 75 Nev. 189, 192, 193, 336 P.2d 1073 (1959), cited with approval by the Court in *Aldabe* and supportive of the Administrative Law Judge's interpretation of Nevada law.

■ As the Court concludes that the judge applied the correct law, the only further question for the Court, is whether there was a substantial basis for his findings of fact. Plaintiff contends that Gabriel Lugot was not domiciled in Nevada at the time the divorce was obtained, and that Alexandrine Lugot is deceased. Judge Rucker had substantial evidence to find otherwise. Gabriel Lugot kept a permanent address and place to stay in Nevada, throughout the period when the divorce was obtained, and lived in Nevada for the eight years prior to his death. A telex from the American Counsel from Alexandrine's alleged residence in France stated that Alexandrine Lugot was alive, in good health, and living in Champagne le Marias, France.

■ This Court is aware of the modern tendency in the United States to recognize in personam judgments of courts in foreign countries as conclusive where they are rendered on the merits in courts which have jurisdiction over the parties involved. *See, Bates v. Bates*, 53 Nev. 77, 292 P. 298 (1930); *Davidson & Co. v. Allen*, 89 Nev. 126, 508 P.2d 6 (1973). However, before the judgment of a foreign nation is recognized in the United States, the American court must be convinced that the foreign court possessed jurisdiction. *Davidson & Co., supra*, citing *Restatement (Second) of Conflict of Laws*, § 98, comment (c) (1969). In Nevada, a court's recognition of foreign jurisdiction requires that the demands of both procedural and substantive due process are met in the foreign forum so that "tradition-

al notions of fair play and substantial justice" are satisfied. *Mizner v. Mizner*, 84 Nev. 268, 439 P.2d 679 (1968).

This Court concludes that beyond the issue of the domicile of Gabriel Lugot, is whether his first wife, Alexandrine, had proper notice from the Mexican court allowing her the opportunity to be heard there on this matter. This Court finds that Gabriel's alleged domicile coupled with the notice published one day in the Mexican newspaper does not establish the notice necessary for the foreign forum to acquire jurisdiction to grant a divorce. The judgment fails for lack of due process. *Davidson, supra*; *Mizner, supra*.

The findings of fact of the Administrative Law Judge should not be disturbed if supported by substantial evidence, as they are.

On these findings the Court concludes that summary judgment is proper.

IT IS, THEREFORE, HEREBY ORDERED that Summary Judgment be entered in favor of defendant and against plaintiff.