MURRAY COHEN AND LOUISE COHEN, APPELLANTS, v. PETE RASNER AND CLARENCE TISHER, RESPONDENTS.

No. 12056

March 19, 1981                                    624 P.2d 1006

[Rehearing denied May 11, 1981]

*Walter Bruce Robb,* Reno, for Appellants.

*Ralph M. Crow,* Carson City, for Respondents.

---

## OPINION

*Per Curiam:*

Appellants were purchasers and respondents were sellers of two vacant lots in Carson City, referred to as E-2 and E-3. The sales contract was prepared by a real estate agent and signed by respondents in early December, 1977. The offer was then mailed to appellants in California, where it was signed and returned to the agent who so notified appellants.

The contract, in essence, provided for the sale of two lots, E-2 and E-3, and the construction of an eight-unit apartment building on each of them. The purchase price for the two lots was $425,000. The contract was "contingent upon buyers securing a maximum loan obtainable with sellers to carry the balance."

Before completion of construction on Lot E-2, appellants assumed a loan which had been made to respondents for the construction of the E-2 building. Appellants also applied for a loan with which to purchase E-3, but that loan was never processed.

In December, 1977, respondents obtained a building permit authorizing them to construct an eight-unit apartment building on Lot E-2. Construction on that lot was commenced shortly thereafter; however, no application for a permit was made for Lot E-3.

In May, 1978, respondent sellers informed the realtor that while construction on Lot E-2 was complete, Carson City had imposed a moratorium on the construction of multiple-unit residences and that a building permit for Lot E-3 could not, therefore, be obtained. Thus, the agent was advised, respondents considered the contract to be unenforceable.

Appellants sued for specific performance, requesting the district court to order the construction of the building on E-3. That remedy was denied by the district court which found that buyers' assumption of one loan and their application for another did not constitute performance which would entitle

120

appellants to equitable relief because they had not shown their present willingness and ability to perform their obligation under the contract.

■■■■■ ■

Appellants argue that under the terms of the contract, the purchase price was due only at the close of escrow, and that therefore the trial court's finding that the securing of financing was a condition precedent to respondent's duty to construct the apartments was erroneous. This argument may have had merit if appellants had sought only damages rather than bringing their action in equity. However, whether or not financing was a condition precedent under the contract, it cannot be said that the district court judge erred in finding that the buyers should have completed financial arrangements before requesting the court to order construction of an apartment building.

■■■■■ ■

Specific performance sought by a purchaser of real property may be denied if the purchase price is not tendered when due. *See* McCann v. Paul, 90 Nev. 102, 520 P.2d 610 (1974). If the purchaser has not tendered the purchase price, he must demonstrate that he is ready, willing and able to perform if the court should order specific performance. *See* Ceizyk v. Goar Service & Supply, Inc., 516 P.2d 61 (Ariz.App. 1973); Poznik v. Urton & Co., 496 P.2d 1073 (Colo.App. 1972); Leche v. Stout, 514 P.2d 1399 (Okla. 1972); Thompson v. Parke, 595 P.2d 499 (Or.App. 1979).

The rationale for this rule is obvious. A trial court should be certain that if the seller is ordered to perform, the purchaser will be able to pay. Because appellants had not completed the necessary financial arrangements, there was no guarantee that respondents would be paid for the apartment building once it was constructed.

As the court recently stated in Carcione v. Clark, 96 Nev. 808, 618 P.2d 346 (1980), specific performance is within the discretion of the district court, and is available only when the district court "is willing to order it." In this case, the district court was simply not willing to order the construction of an eight-unit apartment building where the purchasers had not demonstrated an ability to pay for the building upon completion.

Judgment is affirmed.