CLAY B. GOLDSTON AND MARGERY F. GOLDSTON, APPELLANTS, *v.* AMI INVESTMENTS, INC., RESPONDENT.

No. 12922

December 28, 1982

655 P.2d 521

*Monte J. Morris,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy & Jemison,* and *Mark C. Scott, Jr.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This case arises from a contract of sale entered into by the Goldstons, appellants, and AMI Investments, Inc., respondent, regarding two lots in Boulder City, Nevada. A broker for AMI procured an offer for the two lots from the Goldstons who accompanied their offer with a $500 deposit as earnest money. AMI accepted the offer and both parties signed escrow instructions. Close of escrow was set for November 24, 1978, and time was of the essence. The offer and acceptance agreement and the escrow instructions stated that close of escrow was contingent upon AMI causing the removal of a fence encroaching upon the subject properties. On November 24, 1978, the date set for close of escrow, no money other than the $500 in earnest money had been deposited, although a loan had been obtained and the escrow officer had been informed by the lender that the funds were available for deposit. The fence had also not been removed. Nevertheless both parties continued to try to close the transaction. By the actions of both parties, the escrow was extended.

On January 30, 1979, AMI notified the escrow holder to cancel the escrow, giving as its reason for cancellation the failure of the Goldstons to deposit the purchase money in escrow by the date set for closure.[1] The Goldstons objected to the cancellation. Thereafter, AMI filed a suit seeking declaratory relief,

---

[1] Evidence admitted at trial revealed that on January 22, 1979, AMI, in its continuing efforts to get the fence removed, hired surveyors to determine how far back the fence had to be moved. This survey revealed that

and the Goldstons filed suit seeking specific performance of the contract or, in the alternative, damages. These suits were consolidated and a bench trial held. The district court held that once the date set for closure had passed, either party could cancel the contract if no tender of performance had been made. The district court also held that because the Goldstons had not deposited the purchase funds in the escrow, they were not entitled to specific performance of the contract. The Goldstons have appealed.

Neither the offer and acceptance agreement nor the escrow instructions set forth circumstances under which the parties had the right to cancel. Consequently, the right to cancel is dependent upon principles of law rather than the agreement of the parties. *See* Allan v. Martin, 574 P.2d 457 (Ariz. 1978).

A seller of land pursuant to a contract of sale is justified in cancelling the contract if the purchaser has failed to perform a material part of the contract which is a condition concurrent or precedent to the seller's obligations to perform. Integrated, Inc. v. Alec Furgusson Electrical Contractor, 58 Cal.Rptr. 503 (Cal.App. 1967); 5 Corbin, Corbin on Contracts § 1104 (1951); Restatement (Second) of Contracts § 237 (1979). Failure to tender timely performance can constitute a material breach of contract. Allan v. Martin, *supra;* Coronado Co., Inc. v. Jacome's Dept. Store, 629 P.2d 553 (Ariz.App. 1981). Additionally, if neither party tenders performance by the date set for closure under a contract that provides time is of the essence, the duties of both parties are discharged by passage of that date. Associated Developers Co. v. Infanger, 376 P.2d 496 (Idaho 1962). However, where a party is in default of obligations which must be performed prior to the performance by the other party becoming due, the first party is not entitled to claim a default by the second. Rubin v. Fuchs, 459 P.2d 925 (Cal. 1969); Shoreham Developers, Inc. v. Randolph Hills, Inc., 235 A.2d 735 (Md.App. 1967). Professor Corbin has stated:

> Where 'time was of the essence'—that is, where performance by the plaintiff within a specified time was a condition precedent to the defendant's duty to perform his part—if the plaintiff has been caused to delay his performance beyond the specified time by the request or agreement or *other conduct of the defendant,* the plaintiff can enforce

the sidewalk and eaves of the neighboring house encroached upon the subject properties. Testimony revealed that perhaps the real reason for cancellation was AMI's view that the encroachment made title to the properties unmarketable.

> the contract in spite of his delay. This assumes that the non-performance of the condition was not caused by plaintiff's own inability to perform, and that but for the defendant's request, agreement, *or other conduct,* the plaintiff would have performed the condition. If the defendant later repudiates or otherwise breaks the contract, he cannot use the plaintiff's failure to perform on time as a defense. 2 Corbin, Corbin on Contracts § 310, at 112 (1950) (emphasis added).

In the present case, both the offer and acceptance agreement and the escrow instructions expressly conditioned the Goldstons' obligations under the contract upon AMI causing the removal of the fence. It is undisputed that the reason for the Goldstons' delay in depositing funds beyond the date set for closure was due to the failure of AMI to cause removal of the fence. AMI has not contended that there was any excuse for its failure to satisfy the condition precedent. In such circumstances, AMI's cancellation constituted a repudiation of the contract. A tender of performance by the Goldstons, as a prerequisite to seeking specific performance, was unnecessary so long as they were ready, willing and able to perform should the court order specific performance. *See* Cohen v. Rasner, 97 Nev. 118, 624 P.2d 1006 (1981); Kossler v. Palm Spring Developments, Ltd., 161 Cal.Rptr. 423 (Cal.App. 1980); Poznik v. Urton & Co., 496 P.2d 1073 (Colo.App. 1972).

The district court committed error by concluding that the Goldstons' failure to deposit funds into escrow precluded specific performance in this case. Therefore, we reverse and remand this matter for further proceedings consistent with this opinion.