STATE OF NEVADA BOARD OF PSYCHOLOGICAL EXAMINERS, Appellant, *v.* ROBERT NORMAN, Ed. D., Respondent.

No. 13086

April 25, 1984                                          679 P.2d 1263

*Brian McKay,* Attorney General, *Emmagene Sansing,* Deputy Attorney General, Carson City, for Appellant.

*Robison, Lyle, Belaustegui & Robb,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment in favor of Robert Norman ("Norman"), setting aside the revocation of his certificate of registration as a psychologist by the State Board of Psychological Examiners ("Board"). Although we agree with the district court that the procedures followed were ineffective to revoke Norman's certificate, we reverse judgment for Norman and remand to the district court for entry of an order directing the Board to hold a hearing and to render findings of fact and conclusions of law.

The Board acted in response to a complaint by the husband of one of Norman's former patients. On February 6, 1979, the complainant husband wrote a letter to the Board, alleging that during the course of treatment Norman had become sexually involved with the complainant's wife. On February 14, 1979, Dr. Robert McQueen ("McQueen"), president of the Board, met with Norman to investigate the charges. On February 20,

Norman wrote a letter to the Board, responding to the accusations against him. Norman's supervisor and his therapist also wrote to the Board on his behalf.

On February 24, during a regularly scheduled meeting, the Board considered Norman's case. Norman was not present. McQueen had told him that the matter would be presented to the Board as an informational item, but Norman had not been informed that any action would be taken that day. The Board minutes show that the Board members unanimously approved the following resolution: "In view of the information presented and pursuant to sections 4, 7, 8 of NRS: 641:230, we hereby revoke the certificate of Robert Norman." On February 26, the Board sent a letter to Norman by certified mail informing him of its action. The letter was couched in substantially the same terms as the resolution. No findings of fact were ever made. On June 12, Norman petitioned for judicial review. The district court granted summary judgment in his favor, and the Board appeals.

The Board is an agency within the meaning of the Administrative Procedure Act and must comply with its provisions. NRS 233B.031. Additionally, the Board is governed by Chapter 641 of the Nevada Revised Statutes, which deals with psychologists. Chapter 641 sets out very specific procedures for the revocation of certificates. After the Board receives and files a complaint signed and verified by the complainant, it must fix a date for a hearing to be held in thirty days or later. The Board must notify the defendant of the complaint and the hearing and must provide him with a copy of the complaint. NRS 641.260; NRS 641.270. The hearing must be public; the defendant has the right to appear in person and by counsel, to confront witnesses against him, and to present witnesses on his behalf. NRS 641.280.

None of these procedures was followed by the Board. There never was a formal complaint verified by the complainant. Norman never received written notice of the complaint, and although McQueen showed him the complainant husband's letter, he was not provided with a copy. No public hearing, or indeed a hearing of any kind, was ever held. The Board did not make any findings regarding Norman's conduct: the sole result of its deliberations was the cursory entry in the minutes and the equally cursory letter to Norman informing him of the Board's decision. These abbreviated proceedings do not accord with the procedures set out in Chapter 641, nor do they comport with the minimum requirements of due process.

The Board contends, however, that Norman waived these procedural protections in his letter to the Board.[1] Considering the pleadings and affidavits in the light most favorable to the Board, we are compelled to conclude that a valid waiver was not established. Waiver is the intentional relinquishment of a known right. Host Int'l, Inc. v. Summa Corp., 94 Nev. 572, 574, 583 P.2d 1080, 1081 (1978). A party cannot be said to have waived a right of which he was unaware. National Bank of Alaska v. J.B.L. & K. of Alaska, Inc., 546 P.2d 579, 587 (Alaska 1976). The record shows that McQueen told Norman that on February 24 his case would be presented to the Board as an informational item. He did not inform Norman that on that same day a decision would be reached. McQueen did not inform Norman of all his rights under Chapter 641, such as his right to counsel at a hearing. Indeed, McQueen stressed the intimidating aspects of a public hearing, such as the publicity, rather than the procedural safeguards available to Norman. Under these circumstances, we cannot say that Norman had sufficient knowledge of his rights to waive them in favor of the truncated proceedings which ensued. Consequently, we conclude that the procedures followed by the Board could not and did not effect a revocation of Norman's certificate.

Furthermore, the Board never made any findings of fact. NRS 233B.125 of the Administrative Procedure Act provides that a final decision shall include findings of fact and conclusions of law, separately stated. We have always stressed the importance of this requirement. Factual findings help assure reasoned decision making by the administrative agency. They also facilitate judicial review by enabling the parties to decide whether judicial review should be sought and the courts to review the agency's decision without intruding on its fact-finding function. Spilotro v. State ex rel. Gaming Comm'n, 99 Nev. 187, 661 P.2d 467 (1983). See State, Dep't of Commerce v. Hyt, 96 Nev. 494, 611 P.2d 1096 (1980); Lucas v. Board of Ed. of Fort Bragg Unified Sch. Dist., 532 P.2d 110 (Cal. 1975). The consequences of a failure to make factual findings are well illustrated in this case. The letter notifying Norman that he

---

[1]The relevant portion of the letter reads:

Dr. McQueen has explained to me that there would probably be a significant amount of adverse publicity both for myself and for the profession if I chose to have a hearing before the Board on this matter. I have therefore chosen to place myself at the discretion of the Executive Committee in reviewing this situation. I am willing to accept whatever decision they reach.

would no longer be able to practice his profession in Nevada gave no indication of how the Board had arrived at its decision. Norman might reasonably have expected that this communication would be followed by some statement of the Board's findings, and that only then would he be able to make an informed decision regarding his future course of action. The absence of any findings also renders impossible a meaningful review of the Board's action by either the district court or this court: the Board has not provided us with any basis for review. We conclude that the Board's resolution and letter did not constitute a "final decision" within the meaning of NRS 233B.125.[2] *Accord* Lucas v. Board of Ed. of Fort Bragg Unified Sch. Dist., *supra.*

Nevertheless, we do not agree with the district court that summary judgment for Norman was the proper remedy. Norman was charged with a serious violation of the canons of his profession. The Board should not be precluded from investigating the charge and taking appropriate action based on its findings, as long as it affords Norman the procedural protections to which he is entitled. The district court should have remanded the matter to the Board with instructions to hold a hearing in accordance with Chapter 641 of the Nevada Revised Statutes and to render findings of fact and conclusions of law as required by NRS 233B.125.

Accordingly, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.

---

[2] The fact that the Board never issued a final decision effective to revoke Norman's certificate did not preclude the district court's review of the case under NRS 233B.130, which provides that the district court may only review final decisions. The Board considered its decision to be final, and until subjected to judicial review, its action had the effect of a final decision. A contrary conclusion would lead to the absurd result that the Board could by its own procedural derelictions immunize its decisions from judicial review.