JOHN GUBBER, Appellant, v. INDEPENDENCE MINING COMPANY, INC. and THE STATE INDUSTRIAL INSURANCE SYSTEM, Respondents.

No. 26374

February 29, 1996      911 P.2d 1191

*Easterly & Armstrong,* Elko, for Appellant.

*Lenard Ormsby,* General Counsel and *Bryan Stockton,* Carson City, for Respondent SIIS.

*Marshall, Hill, Cassas & de Lipkau,* Reno, for Respondent Independence Mining Company, Inc.

## OPINION

*Per Curiam:*

Appellant John Gubber worked for respondent Independence Mining Company, Inc. (IMC) from 1989 to April 1993. In September 1992, Gubber complained of back pains, which he eventually associated with his job of driving loaders for IMC. Gubber was diagnosed with back herniation and degenerative disc disease.

Gubber filed for benefits with respondent State Industrial Insurance System (SIIS). SIIS denied the benefits. Gubber appealed to a hearing officer, who ruled that Gubber suffered an occupational injury. Both SIIS and IMC appealed from that decision to an appeals officer. The appeals officer affirmed the hearing officer's decision, apparently relying on Gubber's own testimony and medical evidence.

Both SIIS and IMC appealed to the district court. The district court reversed the appeals officer's decision, essentially ruling that Gubber failed to prove, as a matter of law, that an occupational accident or injury occurred. Gubber filed this timely appeal, claiming that the district court erred in reversing the appeals officer's decision because there is substantial evidence in the record to support the claim that Gubber suffered an occupa-

tional accident or injury, as those terms are defined in former NRS 616.020 (now NRS 616A.030) and former NRS 616.110 (now NRS 616A.265). Alternatively, Gubber claims that even if there is insufficient evidence on the "accidental injury" issue, there is sufficient evidence that Gubber suffered from an occupational disease pursuant to NRS 617.440.

We conclude that there is *not* substantial evidence in the record to support an "accidental injury" claim. Given that Gubber was unable to describe when his back injury occurred or what caused it, specifically denied that any specific incident occurred to cause his back problems, and claimed that his back problems "just happened over a period of time," there is insufficient evidence in the record to conclude that Gubber's back problems were the result of "an unexpected or unforeseen event happening suddenly and violently" or the result of "a sudden and tangible happening of a traumatic nature." Former NRS 616.020; former NRS 616.110.

In the alternative, Gubber contends that even if there is insufficient evidence on the "accidental injury" issue, there is sufficient evidence that Gubber suffered from an occupational disease pursuant to NRS 617.440. IMC argues that Gubber's failure to file a cross-petition for judicial review, as set forth in 233B.130(2)(c), bars him from arguing against the appeals officer's conclusory determination that his claim did not qualify as an occupational disease.[1] We agree with Gubber that he did not need to file a cross-petition for review on the "occupational disease" issue given that the appeals officer found and concluded that he had a compensable accidental injury. Nevertheless, because the appeals officer did not even consider this a Chapter 617 case, he made no factual findings with regard to the occupational disease claim. Given that it is possible that Gubber could establish an occupational disease claim[2] and the lack of any findings by the appeals officer regarding the "occupational disease" issue, we reverse the district court's order reversing the appeals officer's decision and remand the case to the appeals officer to make factual findings and conclusions of law on the "occupational disease" issue.

---

[1] The appeals officer specifically found that "this is not a 617 [Nevada Occupational Disease Act] case. I wouldn't even address it as a 617 case."

[2] *Cf.* Desert Inn Casino & Hotel v. Moran, 106 Nev. 334, 336-37, 792 P.2d 400, 402 (1990) (holding that where an employee worked as a masseuse and was diagnosed as having degenerative joint disease aggravated by the overuse of her hands in the performance of her job, that employee qualified as having a compensable occupational disease pursuant to 617.440).