The **SOCIETY OF LLOYD'S**, Plaintiff,

v.

**Beverly Anne HUDSON**, Defendant.

**No. CV–S–02–0328–LRH(RJJ).**

United States District Court,
D. Nevada.

Aug. 11, 2003.

---

Annie "AJ" Kung, Irsfield & Kung, LLP, Las Vegas, NV, John Curtas, Flangas McMillan Law Group, Las Vegas, NV, for The Society of Lloyd's.

Rodney Sumpter, Reno, NV, for Beverly Anne Hudson.

Edward Hanigan, Law Office of Edward J. Hanigan, Henderson, NV, for James Angus McKeller, Jr.

## ORDER

HICKS, District Judge.

Before this Court is Society of Lloyd's ("Plaintiff") Motion for Summary Judgment (Docket No. 11) against Defendant Beverly Anne Hudson ("Defendant"). Defendant has filed an opposition to Plaintiff's motion.

## I. Background

This case stems from litigation in England, in which the Plaintiff won a judgment against the Defendant. The Defendant participated in an insurance underwriting insurance group through the Plaintiff. In doing so, the Defendant entered into certain agreements with the Plaintiff. In one of these agreements, the General Undertaking, the Defendant agreed to comply with Lloyd's Acts and bylaws, and to submit any dispute arising out of or relating to membership in, and/or underwriting of insurance business with Plaintiff for resolution by English courts applying English law. Certain actions were prosecuted against the Defendant under the parties' agreements. The English court entered judgment in favor of Plaintiff and against Defendant for the equivalent of $284,971.58. Defendant opposes the enforcement of the judgment on various grounds.

## II. Legal Standard for Summary Judgment

A motion for summary judgment is a procedure that terminates, without a trial, actions in which "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A summary judgment motion may be made in reliance on the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Id.*

The movant is entitled to summary judgment if the nonmoving party, who bears the burden of persuasion, fails to designate " 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting Fed. R.Civ.P. 56(e)). Thus, to preclude a grant of summary judgment, the nonmoving party must set forth " 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(quoting Fed.R.Civ.P. 56(e)). The substantive law defines which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All justifiable inferences must be viewed in the light most favorable to the nonmoving party. *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir.2001)(citing *Zenith Radio Corp.,* 475 U.S. at 587, 106 S.Ct. 1348).

Although the nonmoving party has the burden of persuasion, the party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Metro Indust., Inc. v. Sammi Corp.,* 82 F.3d 839, 847 (9th Cir.1996). That burden is met by showing an absence of evidence to support the nonmoving party's case. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. The burden then shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue for trial. *Liberty Lobby, Inc.,* 477 U.S. at 250, 106 S.Ct.

2505. In meeting this burden, the non-moving party must go "beyond the pleadings and by its own evidence present specific facts showing that there is a genuine issue for trial." *Far Out Prod. v. Oskar,* 247 F.3d 986, 997 (9th Cir.2001)(citing *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir.1996))(quotations omitted).

## III. Discussion

 Nevada does not recognize the Uniform Foreign Money–Judgment Recognition Act. Instead, Nevada courts rely on issues of comity and procedural and substantive due process issues and concerns. Courts in this district have followed "the modern tendency in the United States to recognize in personam judgments of courts in foreign countries as conclusive where they are rendered on the merits in courts which have jurisdiction over the parties involved." *Lugot v. Harris,* 499 F.Supp. 1118, 1120–1121 (D.C.Nev.1980)(citing *Bates v. Bates,* 53 Nev. 77, 292 P. 298 (1930)); *Davidson & Co. v. Allen,* 89 Nev. 126, 508 P.2d 6 (1973). "However, before the judgment of a foreign nation is recognized in the United States, the American court must be convinced that the foreign court possessed jurisdiction." *Lugot,* 499 F.Supp. at 1120–1121(citing *Davidson & Co., supra,* citing Restatement (Second) of Conflict of Laws, § 98, comment(c) (1969)). In Nevada, a court's recognition of foreign jurisdiction requires that the demands of both procedural and substantive due process are met in the foreign forum so that "traditional notions of fair play and substantial justice" are satisfied. *Mizner v. Mizner,* 84 Nev. 268, 439 P.2d 679 (1968).

Defendant maintains that the English court, in entering a judgment for which Plaintiff now seeks to recover, deprived her of her substantive and procedural due process rights. However, the record indicates that the Defendant was afforded notice and an opportunity to be heard in the underlying English action and, accordingly, the basic requisites of due process were met. See *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). Moreover, as Defendant points out, this is the largest litigation in English history. Thus, in view of the extensive proceedings held in England before final judgment was entered, Defendant cannot viably argue she was deprived of a meaningful hearing.

In this case, Defendant was personally served with a summons in the English action as evidenced by the Acknowledgment of Service of Writ of Summons, signed by the English Solicitor or authorized officer appointed by the Defendant to accept service. The writ of summons was then forwarded to the Defendant. The Defendant was provided with full due process under the English system, by which Defendant agreed to be bound.

Beyond issues of law, Defendant also alleges issues of fact. The Court finds all of Defendant's allegations meritless. A number of these issues are clearly put forth to create an issue of material fact. However, it is well settled that the non-moving party "may not build a case on the gossamer threads of whimsy, speculation, and conjecture." *Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 445, 956 P.2d 1382 (1998); *Collins v. Union Fed. Savings & Loan,* 99 Nev. 284, 302, 662 P.2d 610, 621 (1983) (quoting *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)).

## IV. Conclusion

This Court recognizes and finds the English judgment to be enforceable under Nevada law. On these findings the Court concludes that summary judgment is proper. IT IS, THEREFORE, HEREBY ORDERED that Summary Judgment be

entered in favor of Plaintiff and against Defendant. Plaintiffs' Motion for Summary Judgment (Docket No. 11) is **GRANTED.** Plaintiff is entitled to $284,971.58, with interest. Each party to bear its own costs.

**IT IS SO ORDERED.**