MEMORANDUM **
The district court correctly held that the bankruptcy court had no authority to modify the unambiguous terms of the settlement by extending the term of appellants’ option without appellee’s consent. The negotiated settlement specified consecutive thirty-day options to accept assignment of the Parks Agreement, and provided that modifications to the settlement agreement had to be approved by both parties. The bankruptcy court’s extension of appellants’ option period was a material modification of the settlement, and thus beyond the bankruptcy court’s authority under Fed. R.Civ.P. 60(b) or Fed. R. Bank. P. 9006(b). The bankruptcy court did not utilize the procedures for modifying a confirmed plan. See 11 U.S.C. § 1127.
The district court also correctly held that the bankruptcy court could not equitably excuse appellants’ failure to exercise their option on time. Option contracts are strictly construed, and “negligent failure to give the required written notice” is an insufficient reason to modify the terms of the options negotiated in the settlement agreement. Host Int’l, Inc. v. Summa Corp., 94 Nev. 572, 583 P.2d 1080, 1082 (1978) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.