# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS,
Appellant,
vs.
JOSE MIGUEL NAVARRETE, AN
INDIVIDUAL,
Respondent.

No. 82113

FILED

FEB 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review in an employment matter. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellant Nevada Department of Corrections (NDOC) appealed the district court's order denying its petition for judicial review of a hearing officer's decision to set aside NDOC's decision to terminate respondent Jose Navarrete. It argues the hearing officer committed clear error by relying on Administrative Regulation (AR) 339; failing to make findings of fact regarding each regulation it charged Navarrete with violating; and applying a preponderance-of-the-evidence standard to the first step of its analysis under the *O'Keefe v. State, Department of Motor Vehicles*, 134 Nev. 752, 431 P.3d 350 (2018) reasonableness test.[1] We agree with NDOC that the hearing officer committed clear error by both relying on AR 339 and failing to make findings of fact regarding each charged regulation. However, we disagree with its third argument and conclude that the hearing officer

_____

[1]We have reviewed NDOC's other arguments and conclude we need not reach them given the disposition of this order.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-05488

correctly applied a preponderance-of-the-evidence standard to the first step of its analysis under *O'Keefe*.

We review an appeal from a district court order denying a petition for judicial review de novo and without any deference to the district court's decision. *Elizondo v. Hood Mach. Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013). Under Nevada's Administrative Procedure Act we review a hearing officer's decision to determine whether it is clearly erroneous, arbitrary or capricious, or affected by any other error of law. NRS 233B.135(3). We address each of NDOC's arguments in turn.

*The hearing officer committed clear error by relying on Administrative Regulation 339*

In *State, Department of Corrections v. Ludwick*, we held a hearing officer's reliance on AR 339, even if only in part, is a clear error of law warranting remand because that regulation has not been approved by the State Personnel Commission as required by statute. 135 Nev. 99, 104, 440 P.3d 43, 47 (2019).

It is clear that the hearing officer relied on AR 339 in reaching its decision. The hearing officer found NDOC had not met its burden of proving that Navarrete (1) "willfully employed or permitted the use of unauthorized force," and (2) "knowingly and intentionally submitted a report with false or misleading information." Of the offenses Navarrete is charged with violating, only AR 339.05.17(A) discusses the use of unauthorized force. Further, both of the hearing officer's findings of fact track the language in AR 339.05.17(A) and 339.05.9(A), respectively. There is no plausible explanation for why its findings of fact would resemble the language in these two administrative regulations other than that the hearing officer relied, at least in part, on them when making its decision. Such reliance constitutes a clear error of law. *Ludwick*, 135 Nev. at 104,

440 P.3d at 47. Therefore, since the hearing officer's only findings of fact rely on AR 339, remand is necessary.

*The hearing officer committed clear error by not making factual findings regarding each of the charged regulations*

The hearing officer did not make factual findings regarding NAC 284.650(1), (10), and (21)—three regulations that formed part of NDOC's decision to terminate Navarrete. A hearing officer reviews whether an appointing agency's decision to terminate an employee is reasonable, NRS 284.390(1), and if it determines such decision was made without just cause, it may set it aside, NRS 284.390(7). We have previously stated the importance of administrative agencies including factual findings as part of their determinations, because it assures agencies are engaging in reasoned decision making. *State, Bd. of Psychological Exm'rs. v. Norman*, 100 Nev. 241, 244, 679 P.2d 1263, 1265 (1984). Findings of fact are also important for this court's review because absent any meaningful findings of fact, this court cannot effectively review an agency's decision without intruding on its fact-finding function. *Id.*

Here, the hearing officer made findings of fact regarding the two Administrative Regulations Navarrete was charged with violating, but not the three Nevada Administrative Code regulations. Although there is no statute or regulation requiring the hearing officer to make a finding of fact regarding each regulation an agency relies on in forming its decision to discipline an employee, we conclude the hearing officer could not have determined NDOC's decision to terminate Navarrete was unreasonable and without just cause without considering each of the charged regulations. The hearing officer stopped its analysis after determining Navarrete did not violate AR 339.05.17(A) and 339.05.9(A) without considering whether he violated NAC 284.650(1), (10), and (21). The problem is that the hearing officer could have determined that Navarrete violated one or more of the

3

Supreme Court
OF
Nevada

(O) 1947A

Nevada Administrative Code regulations he was charged with violating, and if it did so, could have concluded NDOC's decision to terminate Navarrete was reasonable and with just cause. Thus, we conclude the hearing officer acted arbitrarily and capriciously by failing to make findings of fact for each regulation Navarrete was charged with violating. Therefore, remand to the hearing officer is warranted, with the instruction that the hearing officer consider each valid regulation Navarrete is charged with violating.

*The hearing officer correctly applied a preponderance-of-the-evidence standard of proof*

In *O'Keefe*, this court set out a three-part test a hearing officer is to employ when determining whether an agency's disciplinary decision is reasonable. 134 Nev. at 759, 431 P.3d at 356. The hearing officer is to (1) "review[ ] de novo whether the employee in fact committed the alleged violation," (2) "determine[ ] whether th[e] violation is a serious violation of law or regulation[ ]," and (3) "review . . . the agency's determination that termination will serve the good of the public service." *Id.* at 759, 431 P.3d at 356 (internal quotation marks omitted).

NDOC argues the hearing officer committed clear error by requiring it to prove by a preponderance of the evidence that Navarrete committed the alleged violations under the first step in *O'Keefe*. It argues that because a hearing officer is reviewing for reasonableness and just cause, and relying on our definition of just cause in *Southwest Gas Corp. v. Vargas*, 111 Nev. 1064, 1078, 901 P.2d 693, 701 (1995), a substantial evidence standard should apply. We disagree.

A "'substantial evidence' standard . . . is a standard of *review*." *Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev. 245, 249, 327 P.3d 487, 490 (2014) (discussing the substantial evidence standard within the context

of NRS 233B.135) (emphasis added). NDOC's proposed substantial evidence standard expressly contradicts our holding in *O'Keefe*. As stated above, in *O'Keefe* we stated a de novo standard of review applies to a hearing officer's analysis in the first step. *See* 134 Nev. at 759, 431 P.3d at 356. Further, NDOC's reliance on *Vargas* is misplaced because although it defines what constitutes just cause, our pronouncement in *O'Keefe* supersedes this definition in the context of hearing officer decisions because the test announced in *O'Keefe* pertains specifically to a hearing officer's review under NRS 284.390, whereas *Vargas* does not.

Turning to the issue of what standard of *proof* should apply, we conclude the district court properly applied a preponderance-of-the-evidence standard. An agency should apply the standard of proof set out in its governing statutes. *Nassiri*, 130 Nev. at 250, 327 P.3d at 491. But, where the governing statutes are silent, "this court must look to reason and public policy to determine the applicable standard of proof." *Id.* (internal quotation marks omitted). We have stated "agencies generally must utilize, at a minimum, the preponderance-of-the-evidence standard in their adjudicative hearings." *Id.* at 247, 327 P.3d at 488.[2]

Neither the Nevada Revised Statutes nor the Nevada Administrative Code set out a standard of proof that should apply to a hearing officer's determination, or more specifically, a hearing officer's analysis under the first step of *O'Keefe*. Relying on our reasoning in *Nassiri*,

---

[2]NDOC cites to the Nevada Court of Appeals decision *State, Dep't of Motor Vehicles v. Adams*, No. 68057-COA, 2017 WL 521774 (Nev. Ct. App. Jan. 30, 2017) (Order of Reversal and Remand), to argue *Nassiri's* reasoning does not apply. While NDOC's reliance on this decision is inappropriate, *see* NRAP 36(c)(3), we nevertheless note that *Adams* is unpersuasive because it was made prior to our adoption of the three-part test for reasonableness we announced in *O'Keefe*.

a preponderance-of-the-evidence standard applies in this instance because it is the minimum civil standard of proof. Additionally, a hearing officer's decision is not the type that generally demands a higher standard of proof. Therefore, the hearing officer properly applied a preponderance-of-the-evidence standard and should apply the same standard on remand.

Accordingly, we reverse the district court's denial of NDOC's petition for judicial review and remand this matter to the district court so that it may grant NDOC's petition and remand the case to the hearing officer for further proceedings consistent with this order.[3]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

[3]Navarrete, in briefing, raises two alternative arguments in support of the hearing officer's decision. Although Navarrete was not required to raise them in a separate cross-petition, *cf. Gubber v. Indep. Mining Co.*, 112 Nev. 190, 192, 911 P.2d 1191, 1192 (1996) (observing that a party's failure to file a cross-petition before the district court does not necessarily prevent the party from raising a new argument in support of a hearing officer's decision), neither of these arguments were addressed in the proceeding before the hearing officer or district court. Therefore, we are precluded from conducting any type of meaningful review regarding these arguments and instead conclude that they can be better addressed by the hearing officer in the first instance on remand. *See, Ryan's Express Transp. Servs. Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance.").

cc: Hon. Timothy C. Williams, District Judge
Attorney General/Carson City
Attorney General/Las Vegas
Law Office of Daniel Marks
Eighth District Court Clerk